## S06A0681. GLOVER v. THE STATE.
### (629 SE2d 249)

HUNSTEIN, Presiding Justice.

Norris Maurice Glover was convicted of murder in the shooting death of Carolyn Whitfield and appeals from the denial of his motion for new trial.[1]

1. The jury was authorized to find that Glover shot the victim multiple times using a handgun he took from his employer's truck. He then fled the scene in the victim's car and two days later went to the home of his uncle, who called the police. Glover confessed to the officer who responded to the call that he shot and killed his girlfriend. Expert testing of blood on one of Glover's shoes established that it matched the victim's DNA.

At trial Glover testified that he took the handgun because the victim had complained about an intruder near her home; that when he visited the victim he found her in a state of partial undress with another man; the man attacked Glover with a baseball bat; Glover then retrieved the gun but lost control of it in the ensuing struggle; the man fired at Glover, who used the victim as a shield so that the bullets struck the victim; and when the man fled, Glover followed in the victim's car until another vehicle arrived in support of the shooter, at which time he broke off his pursuit. On cross-examination Glover could not explain how two days after the baseball bat attack he lacked any visible sign of injury or how a bullet that passed through the victim's body had not injured him.

Glover contends that the State failed to prove his guilt by credible, reliable and competent evidence. However, this Court determines the sufficiency of the evidence, not its weight. *DeLoach v. State*, 272 Ga. 890 (1) (536 SE2d 153) (2000). Witness credibility is a matter for the jury, as is the question of justification. *Price v. State*, 280 Ga. 193 (2) (625 SE2d 397) (2006). Therefore, the jury was free to reject Glover's claim that a third party shot the victim in the course of an unprovoked attack on Glover. We hold that the evidence was sufficient to enable a rational trier of fact to find Glover guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crimes occurred May 9-10, 2003. Glover was indicted September 4, 2003 in Burke County on charges of murder, felony murder (aggravated assault) and possession of a firearm during the commission of a crime. He was found guilty on all counts on June 22, 2004 and was sentenced June 24, 2004 to life imprisonment with a consecutive five year sentence on the possession charge. His motion for new trial, filed June 25, 2004, was denied November 3, 2005. A notice of appeal was filed November 14, 2005. The appeal was docketed December 22, 2005 and was submitted for decision on the briefs.

2. Because Glover failed to raise any objection at trial, he waived his claim that the trial court improperly allowed the prosecution to comment upon his exercise of his right to remain silent. *Wallace v. State*, 272 Ga. 501 (2) (530 SE2d 721) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 2006.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.