A04A1428. HOWARD v. THE STATE.
(602 SE2d 295)

BLACKBURN, Presiding Judge.
Following the denial of his motion for new trial, Cecil Howard appeals his conviction of child molestation[1] and aggravated child molestation,[2] arguing that the evidence was insufficient to support the convictions. Finding that the evidence is sufficient, we affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and an appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. When the sufficiency of the evidence is challenged, this Court considers whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.

(Footnote omitted.) *Anderson v. State*.[3]

---

Viewed in this light, the evidence shows that in July 2002, Howard was living in the home of Geneva Reeves, the maternal grandmother of the four-year-old female victim, S. T., who was also living there. On the night of July 27, 2002, S. T. told Reeves that she experienced pain when she tried to urinate. Reeves examined her granddaughter's vaginal area and noticed a redness. When she asked S. T. what had happened, S. T. told her that when she had awakened earlier in the evening, Howard had his fingers in her vagina. Reeves later asked Howard what he had done to S. T.; he replied, "I didn't do nothing to her. She must have fell on her bicycle."

S. T.'s father, Billy Toombs, testified that Reeves called him and told him that his "daughter has been tampered with." Toombs took S. T. to the hospital the next day. While he and S. T. waited to see a doctor, S. T. pointed at her vaginal area and told her father that it hurt; when he asked her why, she said, "Cecil touched me."

The emergency room doctor who examined S. T. testified that S. T. had a bruise and redness on her labia and a skin cut on the posterior aspect of the vagina. She also stated that the injuries had occurred between 12 to 24 hours prior to the examination, and that the injuries could have been caused by someone inserting his fingers in the child's vagina.

While S. T. was in the emergency room, she also was interviewed by a police detective. S. T. told him that Cecil had put his fingers into her vagina and it had hurt her.

Prior to trial, the prosecuting attorney met with S. T. and her mother. During their conversation, S. T. told her mother and the state attorney that Cecil had touched her.

The evidence was sufficient to enable a rational trier of fact to find Howard guilty beyond a reasonable doubt of child molestation and aggravated child molestation.

Howard also maintains that the evidence was insufficient to support his convictions because no evidence was presented, as required by OCGA § 16-6-4 (a), that he had the intent to satisfy his own sexual desires by touching S. T.'s vagina.

> The intent with which an act is done is peculiarly a question of fact for determination by the jury and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this.

(Punctuation omitted.) *Grimsley v. State.*[4] Thus, it can be inferred from Howard's act of placing his fingers in the four-year-old victim's vagina that he acted with the intent to arouse or satisfy his sexual desires. Id.

In arguing that the evidence was insufficient, Howard points out that the State's case against him relied almost exclusively on hearsay testimony, and he contends that the trial court's admission of the hearsay statements under the Child Hearsay Statute was error because the statements did not contain sufficient indicia of reliability. We note that Howard's argument concerns not the sufficiency of the evidence, but its admission. We also note that during the trial, Howard made no objection to any of this evidence, and that when, at the close of the trial, the trial court ruled that S. T.'s statements had sufficient indicia of reliability, Howard failed to object. "An enumeration of error which complains of the admission of evidence on the trial of a case does not present any question for consideration where no objection was made in the trial court to the admission of such evidence." *Mitchell v. State.*[5] Accordingly, even if Howard had contested the admission of the hearsay evidence in a separate enumeration of error, that enumeration would have presented nothing for our review inasmuch as no objection to the evidence was made. Id. at 658.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 15, 2004.

*John A. Rumker,* for appellant.
*Richard E. Currie, District Attorney, Allen R. Knox, Assistant District Attorney,* for appellee.

---

[4] *Grimsley v. State,* 233 Ga. App. 781, 784 (1) (505 SE2d 522) (1998).
[5] *Mitchell v. State,* 225 Ga. 656, 657 (4) (171 SE2d 140) (1969).