A05A0795. DUVALL v. THE STATE.
(614 SE2d 234)

PHIPPS, Judge.

Keith Duvall appeals his child molestation conviction, contending that: (1) insufficient evidence supports his conviction; (2) the trial court should have granted a continuance based on the state's alleged failure to produce the victim's videotaped statement; and (3) he received ineffective assistance of counsel. For the reasons that follow, we affirm.

1. "On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[1] Viewed in this light, the record shows that the incident occurred when the eight-year-old victim, H. I., spent the night at her aunt's home. Duvall, the aunt's boyfriend, also lived in the home. That evening, after everyone else went to sleep, Duvall told H. I. to sit in a chair with him and he placed his hands inside her underwear and rubbed her vaginal area. Afterward, Duvall kissed H. I. "in the face."

(a) Duvall claims this evidence is insufficient because there was no direct evidence of his specific intent "to arouse or satisfy the sexual desires" of either himself or H. I.[2] We find no merit in this claim. "The intent with which an act is done is peculiarly a question of fact for determination by the jury. . . . Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this."[3] The jury could certainly infer from Duvall's actions that he acted with the intent to arouse or satisfy his sexual desires.[4]

---

[1] *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995) (citation and punctuation omitted).

[2] OCGA § 16-6-4 (a) ("A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.").

[3] *Howard v. State*, 268 Ga. App. 558, 559-560 (602 SE2d 295) (2004) (citation omitted).

[4] Id.

(b) Likewise, we find no merit in Duvall's claim that the state failed to sufficiently prove venue. H. I.'s mother testified that her sister's home, where the incident occurred, is in Elbert County, and Duvall was indicted and tried in Elbert County Superior Court.

(c) Duvall's assertion that inconsistencies in H. I.'s testimony render the evidence insufficient also fails. "The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence."[5] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[6]

2. Duvall contends the trial court should have granted him a continuance after his trial counsel brought to its attention the state's alleged failure to produce the victim's videotaped statement in discovery.[7] The record shows that the court gave defense counsel an opportunity to review the videotape before proceeding with the trial and that defense counsel did not move for a continuance after reviewing the videotape. Under these circumstances, we cannot say the court erred when it failed to grant a continuance that was never requested.[8] "Appellate courts exist to review asserted error but where the defendant makes no objection or obtains no ruling of the trial court, the contended problem cannot be made the basis of appellate review as there is no ruling to review. [Cit.]"[9]

3. Duvall argues that he is entitled to a new trial because his counsel was ineffective.

The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.[10]

---

[5] *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004) (citation omitted).

[6] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

[7] The state disputes that it hid the existence of the tape from the defense.

[8] See *Wilburn v. State*, 199 Ga. App. 667, 669-670 (3) (405 SE2d 889) (1991) (trial court did not abuse discretion by failing to grant sua sponte continuance after discovery violation by state when trial court provided defendant with a recess to review documents before admitting them in evidence).

[9] *Sanders v. State*, 179 Ga. App. 168, 169 (2) (345 SE2d 677) (1986).

[10] *Bruce v. State*, 252 Ga. App. 494, 498-499 (2) (555 SE2d 819) (2001).

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous."[11]

> Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.[12]

(a) Duvall claims his counsel was ineffective because he failed to move for a directed verdict of acquittal at the close of the state's case. This claim is based on his assertion that the state failed to prove intent and venue. As we have already found sufficient evidence of intent and venue, we find no merit in this claim.[13] The evidence on each element of the crime was sufficient to authorize the jury to find Duvall guilty beyond a reasonable doubt.[14]

(b) Duvall argues that his counsel should have presented more evidence, in the form of additional witnesses, to demonstrate the full extent of prior difficulties between himself and the victim's family.

> In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), [appellant] is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case. The failure of trial counsel to employ evidence cannot be deemed to be prejudicial in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because appellant failed to make any proffer of the uncalled witness['s] testimony, it is impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different. It cannot possibly be said that the additional witness[ ] would have testified favorably to appellant.[15]

---

[11] *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992) (citations and punctuation omitted).

[12] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

[13] *Coggins v. State*, 275 Ga. 479, 482 (3) (569 SE2d 505) (2002) (no deficient performance in failing to move for a directed verdict when evidence sufficient to support conviction).

[14] Id.

[15] *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995) (citations and punctuation omitted).

As Duvall fails to identify the additional witnesses his counsel should have called and no testimony from these witnesses was proffered during the new trial hearing, we find no merit in this particular claim of ineffectiveness.

(c) For the same reason, we find no merit in Duvall's claim that his trial counsel was ineffective for failing to call additional witnesses to support his claim that H. I.'s family might have instigated an investigation into a separate incident involving his alleged molestation of his son.[16] None of these alleged witnesses testified at the new trial hearing.

(d) Duvall argues that his trial counsel was ineffective because he failed to follow the proper procedure to introduce prior false allegations of molestation by the victim. Specifically, trial counsel failed to give the state the requisite notice of intent to introduce this evidence and also failed to subpoena the proper witnesses to establish that a reasonable probability of falsity existed. We find no merit in this argument because Duvall cannot show that prejudice resulted from trial counsel's action. First, the trial court granted Duvall a hearing to present evidence about the prior false allegation even though counsel failed to give the state notice; thus no harm resulted from his failure to provide notice. Second, the witnesses Duvall asserts should have testified at trial were not called to testify in the motion for new trial hearing. Without this testimony, we cannot say that there is a reasonable probability that the outcome of the proceedings might have been different.[17]

(e) Duvall asserts his counsel was ineffective because he should have asked for a continuance after reviewing H. I.'s videotaped statement. Duvall claims he was prejudiced by this failure because (1) an expert could have reviewed the video to determine if H. I. was coached, and (2) his counsel would have been prepared for a more thorough and proper cross-examination of H. I. about inconsistencies in her story. Duvall cannot show prejudice resulting from the lack of opportunity for expert review of the videotape because no expert testified at the motion for new trial hearing.[18] Without this testimony, we cannot evaluate whether there is a reasonable probability that the outcome of the proceeding might have been different.[19] With regard to cross-examination, the record shows that trial counsel did cross-examine H. I. about inconsistencies between statements she made in the videotape and at other times. We cannot find a reasonable

---

[16] Id.
[17] Id.
[18] Id.
[19] Id.

probability that the outcome would have been different if additional cross-examination had occurred.

(f) We find no merit in Duvall's claims that his counsel was ineffective for failing to request a jury charge on the specific intent required by the child molestation statute. The trial court read to the jury the indictment, which included language about the "intent to satisfy the sexual desires of the accused." The court also charged the jury on the statutory definition of child molestation, general intent, and the state's burden of proving each element of the offense. Based on the charges that were given, there is no reasonable probability that the outcome of the trial would have been different if a charge on specific intent had also been given.[20]

(g) Duvall asserts his counsel should have requested a charge on the lesser included offense of sexual battery.[21] Although his counsel testified in the motion for new trial hearing, he was not asked to explain why he did not request this charge. "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic."[22] Therefore, we must presume that the failure of Duvall's counsel to request a charge on sexual battery was a tactical decision, and this claim of ineffective assistance of counsel must fail.[23]

(h) Duvall further asserts his counsel should have requested charges on the lack of spontaneity of H. I.'s report to law enforcement, prior difficulties between the parties, and potential motive to fabricate the allegations. Neither below, nor in his brief to this court, does Duvall provide the specific charge language his counsel should have requested, authority demonstrating that these charges are valid under our law, or authority demonstrating that they were warranted by the evidence. Additionally, Duvall's trial counsel did not testify about why he did not request these charges. As a result we must presume this failure was a matter of trial strategy and tactics.[24]

---

[20] See *Stephens v. State*, 255 Ga. App. 680, 682-683 (3) (569 SE2d 250) (2002) (no reversible error resulted from trial court's failure to give specific intent charge in child molestation case).

[21] See *Strickland v. State*, 223 Ga. App. 772, 775-776 (1) (a), (b) (479 SE2d 125) (1996) (sexual battery can be a lesser included offense of child molestation as a matter of fact).

[22] *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996) (citation and punctuation omitted).

[23] *Tackett v. State*, 257 Ga. App. 292, 293 (2) (570 SE2d 720) (2002). See also *Benefield v. State*, 253 Ga. App. 14, 15-16 (3) (a) (557 SE2d 476) (2001) (counsel's decision to not request a jury charge on a lesser included offense and to pursue an "all or nothing" defense is a matter of trial strategy and does not amount to ineffective assistance).

[24] *Tackett*, supra.

The decision whether to request a particular jury charge falls within the realm of trial tactics and strategy. Trial tactics, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel to have been ineffective so as to overturn a conviction. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them. [Duvall] has failed to establish that his trial attorney's decision not to request these jury charges was patently unreasonable.[25]

As a result, the trial court did not err by finding no merit in these claims of ineffectiveness.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 2, 2005.

*Leverett & Daughtry, Billy I. Daughtry, Jr.*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.

---

[25] *Brantley v. State*, 271 Ga. App. 733, 736 (1) (611 SE2d 71) (2005) (citations and punctuation omitted).