## A06A1294. WALKER v. THE STATE.
(632 SE2d 482)

JOHNSON, Presiding Judge.

A jury convicted Michael Walker of child molestation arising from his contact with his girlfriend's 13-year-old babysitter. Walker now appeals on the grounds that the evidence was insufficient, that the trial court erred when it denied his motion to suppress a statement and DNA evidence obtained after his arrest, and that the trial court should have delivered his requested charges on sexual battery and DNA testing. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the record shows that Walker, who was the father of four of his estranged girlfriend's six children, entered the girlfriend's apartment while she was away and forced the babysitter, who was thirteen years old at the time, to kiss him. Walker then pulled at her clothes, placed his mouth on her breasts and vagina, and penetrated her vagina with his penis. When the girlfriend returned, the victim told her what had happened, and a search began. Walker was arrested soon thereafter and charged with rape, child molestation, and burglary.

The following morning, a nurse examined the victim and prepared an evidence kit in the case. A detective conducted a videotaped interview of Walker late the same morning. At the outset, Walker waived his right to have counsel present, initialing and signing a form to that effect. Near the end of the interview, the detective asked Walker whether he would consent to giving biological samples in the case. Walker refused and terminated the session.

---

[1] *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The detective then obtained a search warrant for the purpose of examining Walker. When the detective returned to the police department to execute the warrant, however, the nurse expressed concern that the warrant might not be sufficiently explicit to authorize a penile swab. The nurse then went into the room where Walker was being held and asked him to sign a consent form concerning the examination. Walker agreed and signed the form. The examination then proceeded with no further protest from Walker.

Before trial, Walker moved to suppress both the videotaped statement and the samples. After hearings, including a review of the videotape, the trial court denied the motion on the ground that Walker had consented to both the interrogation and the examination. The jury acquitted Walker of burglary and rape, but convicted him of child molestation. He was sentenced to twenty years with three to serve, and his motion for new trial was denied.

1. Walker first argues that the evidence is insufficient to sustain his conviction. Here, however, the victim testified as to the details of the molestation, and the State introduced DNA evidence corroborating her account. This evidence sufficed to sustain Walker's conviction.[3]

2. Walker next argues that the trial court erred when it denied his motion to suppress his videotaped statement as well as the samples taken from him shortly afterward. We disagree.

Where the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to these undisputed facts de novo.[4] As to questions of fact and credibility, however, we construe the evidence most favorably to the upholding of the trial court's findings and judgment.[5] The trial court's decisions regarding such questions must be accepted unless clearly erroneous.[6]

(a) Walker now asserts that he waived his right to counsel "reluctantly." The record shows, however, that the detective read each part of the *Miranda* form to Walker, gave it to him to look at, and asked if he had any questions. Walker initialed that he understood each right and signed below the paragraph waiving his rights. After reviewing the videotape, which included this entire sequence of events, the trial court noted that Walker had never asked for an attorney, and then ruled that his statement was freely and voluntarily given. Deferring as we must to the trial court's determination of

---

[3] See OCGA § 16-6-4 (a); *Bowman v. State*, 227 Ga. App. 598, 601-602 (2) (490 SE2d 163) (1997).

[4] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[5] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[6] Id.

this factual question, we conclude that the evidence supported its judgment that Walker's statement was voluntary.[7]

(b) As Walker points out, there is some conflict in the evidence as to the sequence of events immediately before he agreed to submit to the nurse's physical examination, including the detective's threat to obtain a new warrant. What is not in doubt, however, is that when the nurse asked him to submit to the examination, Walker agreed, signed a second waiver form, and cooperated during the examination. We therefore conclude that there was also evidence to support the trial court's determination that Walker's consent to the examination was freely and voluntarily given.[8]

3. Finally, Walker asserts that the trial court erred when it refused to instruct the jury (a) on sexual battery as a lesser included offense of child molestation and (b) on DNA testing by means of Walker's requested charge. Again, we disagree.

(a) "Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense."[9] However, "[w]here a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense."[10] Specifically, if an indictment alleged child molestation, and if the evidence presented at trial was sufficient to show an intentional touching of the child's intimate parts, but without the intent necessary to prove child molestation, a charge on sexual battery as a lesser included offense would be required.[11]

Like the indictment in *Strickland*,[12] the indictment in this case charged Walker with doing "an immoral or indecent act to [the victim], a child under 16 years, with intent to arouse and satisfy his sexual desires, to wit: licked her breasts." Both parties agree that this language includes all the necessary elements of sexual battery.[13] The only question remaining, then, is whether the evidence in this case

---

[7] See *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004) (evidence that defendant's *Miranda* rights were read to him supported trial court's judgment that videotaped statement was voluntarily given), citing *Roberts v. State*, 263 Ga. 807, 810 (2) (e) (439 SE2d 911) (1994); see also *Edge v. State*, 275 Ga. 311, 312 (2) (567 SE2d 1) (2002) (right to counsel was waived despite defendant's contention that interview was conducted under threat of injury).

[8] See *Heckman v. State*, 276 Ga. 141, 145 (2) (576 SE2d 834) (2003) (consent to search was voluntarily given even when officers threatened to obtain warrant).

[9] (Citation and punctuation omitted.) *Strickland v. State*, 223 Ga. App. 772, 777 (1) (b) (479 SE2d 125) (1996).

[10] *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

[11] *Strickland*, supra, 223 Ga. App. at 776 (1) (b).

[12] See id.

[13] See OCGA § 16-6-22.1 (a), (b).

offered the jury a third alternative — convicting Walker of sexual battery — in lieu of finding him guilty of either child molestation or no crime at all.

Walker urges that because the encounter between him and the victim occurred in two stages, with Walker leaving the house for a short intervening period, and because the jury apparently disbelieved that part of the victim's testimony concerning the second stage of the encounter when it acquitted him of rape, he deserved a separate charge on sexual battery. This is incorrect. All the elements of child molestation were established in the victim's testimony concerning what Walker himself calls the "kissing part" of the encounter, whereas Walker, who did not testify in his own defense, repeatedly suggested that the victim was fabricating the entire event. Since the question whether Walker had committed sexual battery was therefore not posed by the evidence in this case, the trial court did not err when it refused to charge the jury on sexual battery.[14]

(b) The trial court refused to give Walker's requested charge on DNA evidence as a species of circumstantial evidence, choosing instead the pattern jury instruction on the subject,[15] which Walker criticizes as "bland" and "generic." This argument has no merit. We have reviewed the charge given by the trial court, and find that it stated the law accurately when taken as a whole.[16]

The trial court did not err when it denied Walker's motion for new trial.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 12, 2006.

*Jeffrey L. Grube*, for appellant.
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.

---

[14] See *Strickland*, supra, 223 Ga. App. at 777 (1) (b).

[15] See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Criminal Cases, Vol. II (3d ed. 2003), § 1.35.30, p. 30; *Caldwell v. State*, 260 Ga. 278 (393 SE2d 436) (1990).

[16] See *Morita v. State*, 270 Ga. App. 372, 375 (3) (606 SE2d 595) (2004) (approving charges on DNA evidence, expert witnesses and circumstantial evidence as given).