## A08A0216. LINTO v. THE STATE.
### (664 SE2d 856)

ADAMS, Judge.

James Kenneth Linto appeals the denial of his motion for new trial following his conviction on one count of aggravated child molestation and five counts of child molestation. For the reasons set forth below, we affirm.

At Linto's trial and in previous statements, Linto's ten-year-old daughter said that Linto had touched her inappropriately on a number of occasions. Cathy Thompson, Linto's common-law wife, testified that on the night of July 16, 2000, she found Linto in their daughter's bedroom engaged in sexual conduct near the child, who was in her bed. Afterward, Thompson contacted the Jenkins County Sheriff's Department, and Linto was asked to come to the sheriff's office to provide a statement. On July 17, Linto met with Chief Deputy Larry Barron, who gave Linto a *Miranda* warning before

they discussed the allegations against him. Linto then gave a short written statement in which he said that he did not know what had happened because he was drunk.

The next day, after Linto was in custody, Tom Woodrum, an investigator with the Jenkins County District Attorney's office, visited Linto at the sheriff's department for the purpose of conducting an interview. Woodrum spent less than two minutes on preliminary questions seeking personal information such as Linto's work and home address, before attempting to discuss the charges against him. He told Linto that although he knew Linto had been read his *Miranda* rights the day before, he wanted to go over them again to make sure that Linto understood them. But before Woodrum could review the *Miranda* warning, Linto told him that he could not remember what had happened so there was no point in the two talking. Woodrum responded:

> I told him that, you know, I felt like if we went through it some that maybe he could give me some background, at least something that would help in the investigation, and he said twice more that he couldn't remember what happened, and that he really didn't want to talk to me.

1. Linto first asserts that the trial court erred in admitting his statement to Woodrum into evidence. Georgia appellate courts will "accept a trial court's factual and credibility findings as to the voluntariness of custodial statements unless they are clearly erroneous. . . ." (Citation omitted.) *Lyons v. State*, 282 Ga. 588, 596 (6) (652 SE2d 525) (2007). Here, the evidence showed that Woodrum was attempting to review the *Miranda* warning when Linto interrupted him to say that it would be no use for them to talk because Linto had no memory of the incident. There is no indication that Woodrum ever began interrogating Linto about the incident or the charges against him. Under these circumstances, we find no clear error in the trial court's admission of the statement. See *Collins v. State*, 267 Ga. App. 784, 787 (3) (600 SE2d 802) (2004).

But even if the admission of this statement could somehow be interpreted as error, such admission was harmless because Linto's statement to Woodrum was merely cumulative of the admissible statement he provided police the day before. *Frazier v. State*, 278 Ga. 297, 298 (4) (602 SE2d 588) (2004), citing *Milton v. Wainwright*, 407 U. S. 371, 372-373 (92 SC 2174, 33 LE2d 1) (1972) (constitutional error in the admission of an inadmissible confession was harmless because of other cumulative unchallenged confessions). In both statements, he merely told police that he could not remember what had happened.

2. Linto next asserts that the trial court erred in denying his motion for new trial on the ground that Woodrum's testimony constituted an impermissible comment on Linto's right to remain silent. He points to Woodrum's statement that Linto told him that "he couldn't remember what happened and *that he really didn't want to talk to me.*"

Pretermitting the issue of whether this testimony can be construed as an improper comment on Linto's rights, we note that Linto did not object to the testimony at trial and thus waived any "claim that the trial court improperly allowed the prosecution to comment upon his exercise of his right to remain silent." (Citation omitted.) *Glover v. State,* 280 Ga. 476, 477 (2) (629 SE2d 249) (2006). See also *Wallace v. State*, 272 Ga. 501, 503 (2) (530 SE2d 721) (2000). Compare *Wright v. State*, 287 Ga. App. 593 (651 SE2d 852) (2007) (this Court considered same issue under plain error rule where *trial judge* improperly elicited evidence of and commented on defendant's decision to remain silent after arrest).

Linto asserts for the first time on appeal, however, that his trial counsel was ineffective in failing to object to this testimony and asks that we remand the case to the trial court for consideration of this issue. But Linto retained new counsel after his trial, and that attorney did not raise the issue of ineffective assistance in his amended motion for new trial. It is well settled that "[w]here new counsel appointed or retained after the trial amends the motion for new trial without raising the issue of ineffective assistance, the claim is waived." (Punctuation and footnote omitted.) *Simmons v. State*, 281 Ga. 437, 438 (2) (637 SE2d 709) (2006). Thus, Linto waived his claim of ineffective assistance of trial counsel.

Nevertheless, Linto's current appellate counsel asks this Court to remand so the trial court may consider whether Linto's first appellate counsel was ineffective in failing to raise the issue of his trial counsel's ineffectiveness in the amended motion. But Linto cannot overcome the prior waiver by attempting to raise the same issue under the guise of a claim of ineffective assistance of appellate counsel:

> A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel. Once a claim is procedurally barred, there is nothing for this Court to review. To hold otherwise would eviscerate the rule requiring that ineffectiveness claims be raised at the earliest practicable moment.

(Citation omitted.) *Smith v. State*, 282 Ga. App. 339, 344 (4) (638

SE2d 791) (2006).

3. Linto also contends that he is entitled to a new trial because his wife's divorce attorney made impermissible contact with the jury while it deliberated the criminal charges against him. "[W]here an unauthorized communication with a jury is shown, the presumption is that the defendant has been harmed and the burden is on the State to rebut this presumption." (Citations omitted.) *Cook v. State*, 276 Ga. App. 803, 808 (5) (625 SE2d 83) (2005). See also *Dowels v. State*, 289 Ga. App. 369, 371 (1) (657 SE2d 279) (2008). "A new trial will not be granted[, however,] unless there is a reasonable possibility that the improper evidence collected by jurors contributed to the conviction." (Citation and punctuation omitted.) *Cook v. State*, 276 Ga. App. at 808-809 (5). See also *Howard v. State*, 262 Ga. App. 198, 200-201 (4) (585 SE2d 164) (2003) (new trial not necessarily required where unauthorized contact did not involve discussion about merits of case).

Linto's first appellate counsel raised this issue in his amended motion for new trial and filed two affidavits in support. Linto's trial attorney provided one affidavit stating that he had seen the divorce attorney in the courtroom during the trial. And Linto's sister provided the second affidavit stating that she had seen a man leaving the jury room while the jury was in there and asked someone who he was. She was told that it was Linto's wife's divorce attorney.

At the hearing on the motion for new trial, Linto's employer said he thought he saw the divorce attorney step in and step out of the jury room, noting that "[i]t might have been accidentally, I don't know." He said it "seemed like" there were jurors in the room at the time. He could not recall whether the lawyer stepped all the way in the room. Linto's sister testified that she saw a man who was not on the jury leaving the jury room, but she did not see him enter the room. Linto's sister could not recall if this incident occurred before or after jury deliberations began.

> In deciding at a hearing on a motion for a new trial whether, as a threshold matter, an improper communication occurred, it is the function of the trial court to determine witness credibility. Moreover, the trial court's findings of fact on a motion for new trial will be upheld unless they are clearly erroneous.

*Cook v. State*, 276 Ga. App. at 809 (5). Here, the trial court determined that although both witnesses saw the divorce attorney near the door to the jury room, neither witness could testify with certainty that the attorney had actually entered the room or communicated with the jurors in any way. The trial court concluded,

therefore, that the State had rebutted the presumption that defendant had been harmed by this incident. Because we cannot say the trial court's findings were clearly erroneous, we find no error in the denial of the motion for new trial on this ground. Id.

4. Linto also asserts that the trial court erred in denying his request to charge the jury on the lesser included offense of sexual battery. "But where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense." (Citation and punctuation omitted.) *McGruder v. State*, 279 Ga. App. 851, 855 (2) (b) (632 SE2d 730) (2006).

The offense of child molestation requires a showing that a person committed "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Aggravated child molestation occurs when a "person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c). The offense of sexual battery, in contrast, requires only that a person "intentionally make[ ] physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). It is well established that sexual battery may be a lesser included offense of child molestation. *Strickland v. State*, 223 Ga. App. 772, 775 (1) (a) (479 SE2d 125) (1996). And

> if an indictment alleged child molestation, and if the evidence presented at trial was sufficient to show an intentional touching of the child's intimate parts, but without the intent necessary to prove child molestation, a charge on sexual battery as a lesser included offense would be required.

(Punctuation and footnote omitted.) *Walker v. State*, 279 Ga. App. 749, 751 (3) (a) (632 SE2d 482) (2006).

Linto's wife testified that she found Linto in their daughter's bedroom nude with his hands on his privates, and vaseline and napkins around him. When she asked him what he was doing, he replied that he "was trying to get off." Her daughter was in her bed without her underwear on. The child told both her mother and police that Linto had put her legs over his shoulders and put his mouth on her privates and his tongue inside her. He also rubbed his penis on her privates. She told the police investigator that this had happened a "bunch of times." This evidence was sufficient to establish the offenses of child molestation and aggravated child molestation. But Linto testified in his own defense and denied that these incidents had

ever happened and asserted that he never touched his daughter inappropriately. His counsel suggested in argument that Linto's wife fabricated these allegations in connection with her divorce proceedings against Linto.

Accordingly, the evidence in this case showed either the commission of the indicted crimes or no crimes at all. "Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense." (Punctuation and footnote omitted.) *Walker v. State*, 279 Ga. App. at 751 (3) (a). See also *Tyler v. State*, 279 Ga. App. 809, 811 (2) (632 SE2d 716) (2006), disapproved on other grounds, *Schofield v. Holsey*, 281 Ga. 809, 812, n. 1 (642 SE2d 56) (2007). Thus, the trial court did not err in refusing Linto's request to charge on the offense of sexual battery.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 7, 2008.

*Stephen R. Scarborough, Robert L. Persse*, for appellant.
*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney*, for appellee.

