713 S.E.2d 452 (2011)
310 Ga. App. 392
SMITH
v.
The STATE.
No. A11A1082.
Court of Appeals of Georgia.
June 30, 2011.
*453 George Brandon Sparks, Michael R. McCarthy, for appellant.
Kermit Neal McManus, Dist. Atty., Stephen Eric Spencer, Susan Franklin, Asst. Dist. Attys., for appellee.
McFADDEN, Judge.
A jury found Royal Clifford Smith guilty of aggravated sexual battery, criminal attempt to commit child molestation, and two counts of child molestation. Smith appeals, challenging the sufficiency of the evidence. He also argues that the trial court erred in failing to charge the jury on sexual battery as a lesser included offense of aggravated sexual battery and child molestation. Finally, he challenges the trial court's jury instruction regarding responsibility for sentencing. We find the evidence sufficient. We also conclude that the evidence did not support an instruction on sexual battery and that the trial court properly charged the jury on responsibility for sentencing. Accordingly, we affirm.
1. On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and the evidence must be viewed favorably to the jury's verdict. See Duvall v. State, 273 Ga.App. 143(1), 614 S.E.2d 234 (2005). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find the defendant guilty beyond a reasonable doubt. See id.
So viewed, the evidence shows that in 2005, a middle school student noticed that her best friend, 12-year-old L.G., was acting strangely, withdrawing from people and crying at school. The friend asked L.G. what was wrong, and L.G. confided that one of her relatives had touched her breasts and vaginal area. Concerned by the outcry, the friend took L.G. to the school counselor. The counselor spoke with L.G., who reported that *454 Smith, her aunt's live-in boyfriend, had touched her breasts and put his hand down her pants. The counselor called the police.
As part of the police investigation, L.G. was interviewed in a child-friendly environment by a trained interviewer. The interview was recorded and shown to the jury. During the interview, L.G. recounted the events in detail. She asserted that sometime in 2004, she spent the night with her younger cousin, and they slept in a bed with Smith and her aunt. As they lay in the bed, Smith rubbed L.G.'s breasts, then placed his finger inside her vagina and moved it around. He also took her hand and tried to place it on his private part, but she moved away from him. Two more incidents occurred on Valentine's Day weekend in 2005, when L.G. again spent the night with her cousin. Smith took L.G. and the cousin to see a movie. In the theater, he reached under L.G.'s clothing and rubbed her breasts. That night, while everyone else was asleep, Smith again touched her breasts and tried to reach down her pants, but she managed to get away. Smith told L.G. not to report the incidents, and she kept quiet for a long time because she was afraid of him.
At trial, L.G. testified briefly about the incidents, stating: "[Smith] touched me. He touched my breasts and my vagina." She provided no further details at that point, but testified that she gave a detailed account during the recorded interview, in which she described "what happened, how it happened."
On appeal, Smith asserts that the State failed to present sufficient evidence of aggravated sexual battery. We disagree. "It constitutes an act of aggravated sexual battery for a person to penetrate intentionally and without consent the sexual organ of another with his finger or other foreign object." Hendrix v. State, 230 Ga.App. 604, 607(4), 497 S.E.2d 236 (1997); see also OCGA § 16-6-22.2(b). Describing the incidents during the videotaped interview, L.G. stated that Smith put his finger inside her vagina and moved it around. This evidence supports the aggravated sexual battery conviction. See OCGA § 16-6-22.2(b); Hendrix, supra at 607(5), 497 S.E.2d 236. Although Smith argues that the State did not establish that L.G. understood the female anatomy, she spoke in clear, recognizable terms, and the jury was responsible for assessing the credibility of her statements. See Walker v. State, 277 Ga.App. 485, 486(1), 627 S.E.2d 54 (2006).
Smith also argues that the State did not prove the intent required to support a child molestation conviction. A person commits child molestation by doing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4(a)(1). Whether a defendant has the necessary intent "is peculiarly a question of fact for determination by the jury." (Punctuation omitted.) Duvall, supra at 143(1)(a); 614 S.E.2d 234. In many instances, "[i]ntent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this." (Punctuation omitted.) Howard v. State, 268 Ga.App. 558, 559, 602 S.E.2d 295 (2004).
The evidence shows that Smith touched L.G. inappropriately on three different occasions, including one in which he placed his finger in her vagina and moved it around. He also tried to place L.G.'s hand on his private part. This evidence was sufficient to raise an inference that Smith acted on each occasionincluding the two instances of breast fondling that form the basis for the child molestation chargeswith the intent to arouse or satisfy his sexual desires. See Duvall, supra; Howard, supra.
2. Smith argues that the trial court erred in failing to give his requested charge on sexual battery as a lesser included offense of aggravated sexual battery. As noted above, a conviction for aggravated sexual battery requires proof of penetration, while a sexual battery conviction does not. Compare OCGA § 16-6-22.2 (defining aggravated sexual battery) with OCGA § 16-6-22.1 (defining sexual battery). The State alleged that Smith committed aggravated sexual battery by digitally penetrating L.G. According to Smith, however, at least some evidence showed that he touched L.G.'s vagina without *455 penetration, entitling him to a jury instruction on sexual battery.
It is true that a trial court must charge a jury on a lesser included offense if any evidenceeven slight evidencesupports the charge. See Walker v. State, 279 Ga.App. 749, 751(3)(a), 632 S.E.2d 482 (2006). But a charge request "must be apt, a correct statement of law, and precisely adjusted to some theory in the case." Anderson v. State, 264 Ga.App. 362, 365(3), 590 S.E.2d 729 (2003). If the evidence shows either the completed offense as indicted or no offense at all, the trial court should not instruct the jury on a lesser grade of the crime. See Walker, 279 Ga.App. at 751-752, 632 S.E.2d 482.
Smith contends that the evidence supported a charge on sexual battery because L.G. testified at trial that he "touched" her vagina, and her initial outcry did not specifically reference digital penetration. In Smith's view, this evidence conflicted with the more detailed description of events L.G. gave during her recorded interview. He further argues that the jury could have resolved the conflict by finding that a touching occurred without penetration.
L.G.'s recorded interview, which describes penetration, is certainly more detailed than her trial testimony and initial outcry. She testified, however, that her explicit description from the interview was "how it happened." Moreover, her testimony that Smith touched her vagina is not inconsistent with penetration, and she never denied that penetration occurred. Simply put, the trial evidence does not conflict with L.G.'s detailed, recorded statement regarding penetration. We further note that Smith "did not rely at trial on a lesser-included-offense defense" or claim that he touched L.G. without penetrating her. Swailes v. State, 188 Ga.App. 709, 712(2), 373 S.E.2d 825 (1988). Instead, he offered testimony that L.G. fabricated the molestation claims, and he argued that the incidents she reported never happened.
Under these circumstances, the evidence "shows either the completed offense as charged or no offense." Walker, 279 Ga.App. at 751, 632 S.E.2d 482. The trial court, therefore, properly refused to give the requested charge. See Anderson, supra (charge on lesser included offense unnecessary where evidence supported conviction on indicted charge, there was no evidence of lesser crime, and defendant denied that he committed any crime); Swailes, supra (same).
3. Smith also claims that the trial court should have instructed the jury on sexual battery as a lesser included offense of child molestation. The indictment charged Smith with two counts of molestation based on his fondling of L.G.'s breasts. According to Smith, the State failed to present direct evidence of the intent to arouse or satisfy sexual desires necessary to support a molestation conviction. See OCGA § 16-6-4(a)(1). He argues, therefore, that the jury could have found him guilty of the lesser included offense of sexual battery, a crime that does not have the same intent requirement.
Smith is correct that if the evidence showed a touching without the intent necessary for child molestation, he would have been entitled to a jury instruction on sexual battery as a lesser included offense. See Linto v. State, 292 Ga.App. 482, 486(4), 664 S.E.2d 856 (2008). As detailed in Division 1, however, the evidence supported a finding of the requisite intent here. Smith has pointed to no evidence demonstrating that a touch occurred without the necessary intent. And he did not defend the case on the ground that he touched L.G. without intent. He pursued the "all or nothing" defense that L.G. made up her entire story.
In Linto v. State, supra, we explained that such circumstances do not support a charge on sexual battery as a lesser included offense of child molestation. On the contrary, they demonstrate "either ... the indicted crime[] or no crime[] at all." Linto, supra at 487, 664 S.E.2d 856. Accordingly, a jury charge on sexual battery was not warranted. See id.; see also Hilliard v. State, 298 Ga.App. 473, 475(2), 680 S.E.2d 541 (2009) ("[B]ecause [the defendant] denied any contact with [the victim], the evidence presented at trial did not afford the jury the alternative of finding him guilty of sexual battery in lieu of child molestation."); McGruder v. State, 279 Ga. *456 App. 851, 855(2)(b), 632 S.E.2d 730 (2006) (charge on sexual battery not required where evidence showed the intent necessary for child molestation and defendant asserted that touching never occurred); Walker, 279 Ga. App. at 752, 632 S.E.2d 482 (same).
4. Finally, Smith argues that the trial court erred in instructing the jury as follows: "You are only concerned with the guilt or innocence of the defendant. You are not to concern yourselves with punishment." He claims that the reference to "innocence" here was improper and confusing because a jury is actually tasked with determining whether a defendant is guilty or not guilty. Our Supreme Court, however, has found that the exact language used by the trial court "is an accurate statement of the law which is not misleading, but is sufficiently clear to be understood by jurors of ordinary understanding." (Punctuation omitted.) Roberts v. State, 276 Ga. 258, 260(4), 577 S.E.2d 580 (2003). This claim of error, therefore, lacks merit.
Judgment affirmed.
PHIPPS, P.J., and ANDREWS, J., concur.