## A11A1762. REYES-VERA v. STATE.
(722 SE2d 95)

MIKELL, Chief Judge.

After a bench trial, Baldemar Reyes-Vera was convicted of one count of child molestation. On appeal, Reyes-Vera urges that we reverse his conviction, arguing that the evidence presented at trial was insufficient to support his conviction. We affirm.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[1] Further, "[w]hen the sufficiency of the evidence is challenged, we use the test established in *Jackson v. Virginia* to determine whether the evidence was sufficient for any rational trier of fact to find the defendant guilty of the crimes charged."[2]

So viewed, the evidence shows that Reyes-Vera, who was approximately 51 at the time of the incidents, was indicted in Dougherty County on, inter alia, two counts of molesting an 11-year-old boy known as D. M. The first count related to an incident in September 2008, the second to an incident in November 2008.[3] Reyes-Vera waived a jury trial, and at a bench trial on January 19, 2010, the trial judge found Reyes-Vera not guilty on the first count, citing insufficient evidence, and guilty on the second count. Reyes-Vera filed a motion for a new trial, which was denied.

At trial, the child victim, D. M., testified that in September 2008, Reyes-Vera had tried to touch him inappropriately. Because of this behavior, when Reyes-Vera came to the home D. M. shared with his aunt in November 2008, D. M. told his two young cousins to hide in his bedroom closet so that if Reyes-Vera attempted to touch him again, "I could prove to them that . . . I was telling the truth." The boy had previously told his aunt's boyfriend, Michael Clum, about the September 2008 incident, but Clum testified that he had "dismissed it as just a mistake" because Reyes-Vera was drunk. D. M. also testified that during the September 2008 incident, Reyes-Vera had given him his phone number and told him to call, but that he did not call the older man.

D. M. testified that in the November 2008 incident, he was lying

---

[1] (Punctuation and footnote omitted.) *Craft v. State*, 252 Ga. App. 834, 835 (558 SE2d 18) (2001).

[2] Id. at 839 (1), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[3] Reyes-Vera also was indicted for one count of driving under the influence and one count of open container for actions occurring in connection with the November 2008 incident. The trial judge granted the district attorney's motion for nolle prosequi on the count of driving under the influence, and the parties stipulated to facts sufficient to convict for open container.

on his bed when Reyes-Vera came into his room, "got on my bed and started rubbing on me," "rubbing on my behind," and "trying to kiss me . . . trying to get on top of me." D. M. said his cousins "jumped out [of the closet] and they tried to get him off of me and then they went to go tell their dad." D. M. said that Clum told Reyes-Vera to leave; and that his aunt and Clum then left D. M. alone while they drove his cousins back to their home. D. M. testified that while he was alone, Reyes-Vera came back and knocked on the door, but he did not answer. Reyes-Vera then got in his vehicle and backed through a fence near the home, at which point D. M. called the police.

At trial, Clum testified that D. M. told him Reyes-Vera had touched him "a bunch of times," and that when Clum told Reyes-Vera to leave, the other man was "drunk" and "staggering." Clum further testified that after he left D. M. alone to drive D. M.'s cousins back home, he returned to find that Reyes-Vera had hit the fence and that D. M. had called the police.

The responding officer testified that D. M. told her that Reyes-Vera touched him while he was lying down, and that Reyes-Vera "tried to kiss him." She also testified that D. M. gave her the piece of paper on which Reyes-Vera had written his phone number, and that D. M. told her about his cousins hiding in the closet to observe Reyes-Vera.

A trained forensic interviewer interviewed D. M. in a child-friendly environment. He testified that D. M. told him that Reyes-Vera came into his bedroom, got on top of him, touched his buttocks, and attempted to kiss him. D. M. told the interviewer that he had asked his cousins to hide in the closet because Reyes-Vera had attempted to touch him previously.

Both cousins testified that they hid in the closet, which was near the bed and did not have a door. One cousin said he saw Reyes-Vera "trying to rub on my cousin and kiss him," and that when Reyes-Vera attempted to touch D. M.'s crotch, they yelled, tried to hit Reyes-Vera, and went to get their father. The other cousin said that Reyes-Vera tried to kiss D. M.

At trial, Reyes-Vera, who was represented by counsel, presented no witnesses or evidence and elected not to testify.

In his sole enumeration of error, Reyes-Vera argues that the evidence as to his intent was insufficient to convict him pursuant to OCGA § 16-6-4 (a) (1), which provides that a person commits the offense of child molestation when he does an immoral or indecent act to, in the presence of, or with any child under 16 years of age "with the intent to arouse or satisfy the sexual desires" of either himself or

the child.[4]

As this Court has held, intent is "peculiarly a question of fact"[5] for the jury or, as in the case sub judice, the trial judge as finder of fact. Further, "intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this."[6]

The evidence shows that Reyes-Vera touched D. M. inappropriately, fondling his buttocks, rubbing his body, and attempting to kiss him. This evidence is sufficient to authorize the finder of fact to find that Reyes-Vera acted with the intent to arouse or satisfy his own or the victim's sexual desires.[7]

"[E]ven when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory[,] the verdict will not be set aside on that ground."[8] In the instant case, the evidence is neither weak nor unsatisfactory. Moreover, although there is no requirement that the testimony of the victim of child molestation be corroborated, we note that the testimony of the victim in this case was corroborated by both of his young cousins, who witnessed the incident.[9] Additionally, D. M. gave consistent accounts of the incident to police officers, the forensic interviewer, and his aunt's boyfriend, Clum.

In arguing that the evidence is insufficient to establish the requisite intent, Reyes-Vera mentions the trial testimony of two law enforcement officers, who testified that Reyes-Vera told them he did not molest the child. However, one of those officers also testified that when he was escorting Reyes-Vera back to jail, Reyes-Vera told him, "The children said it happened, then it happened, because children don't lie," a statement the officer interpreted as meaning "he did it." The foregoing evidence provides no basis for reversal. "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[10]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

---

[4] Between the time Reyes-Vera was indicted, in 2008, and convicted, in 2010, the Legislature modified this statute, Ga. L. 2009, p. 729, §§ 1, 2, effective May 5, 2009. Those modifications do not alter the statute in ways material to the instant case.

[5] (Citation and punctuation omitted.) *Smith v. State*, 310 Ga. App. 392, 394 (1) (713 SE2d 452) (2011).

[6] (Punctuation omitted.) Id., citing *Howard v. State*, 268 Ga. App. 558, 559 (602 SE2d 295) (2004).

[7] See *Smith*, supra; *Howard*, supra.

[8] (Citations and punctuation omitted.) *Grimsley v. State*, 233 Ga. App. 781, 784 (1) (505 SE2d 522) (1998).

[9] See *Coalson v. State*, 237 Ga. App. 570, 571 (515 SE2d 882) (1999).

[10] (Citation and punctuation omitted.) *Stepho v. State*, 312 Ga. App. 495, 497-498 (718 SE2d 852) (2011).

470

DECIDED DECEMBER 29, 2011.

*Kevin Armstrong*, for appellant.
*Gregory W. Edwards, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.