**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 2, 2012**

# In the Court of Appeals of Georgia

A12A1540. BROWN v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for child molestation, statutory rape, and enticing a child for indecent purposes, Rozell Brown argues that the evidence was insufficient as to the statutory rape count and that the trial court erred when it excluded evidence that could have impeached the victim's aunt, when it failed to include the definition of enticing a child in the jury charge, and when it refused to charge on the lesser-included offense of sexual battery. We find no reversible error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but

determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on or about March 28, 2009, and accompanied by her cousin and aunt, the fourteen-year-old victim attended a cookout hosted by Brown and his wife. During or soon after the cookout, Brown asked the victim and her cousin whether they wanted to go to a motel. Thinking that Brown was inviting them to a party, the girls agreed. When Brown texted the girls at their aunt's house later that night to ask whether they were "ready to go" to the motel, they replied "no" because the aunt was still awake. When the aunt fell asleep, however, the girls left the house through a window. Brown picked them up as they walked down a road nearby and also picked up the cousin's 15- or 16-year-old boyfriend. Brown drove all three teenagers to a motel, checking in alone while the others waited at a room in the rear. Once in the room, the cousin and her boyfriend saw Brown kissing the victim on the neck and trying to remove her belt. Brown asked the cousin and boyfriend to go into the bathroom, which they did. According to the victim's testimony at trial, Brown undressed her and penetrated her vagina with his penis. As the sex continued, the

2

cousin heard the bed moving back and forth against the wall, and the boyfriend heard a girl moaning. When the boyfriend left the bathroom, he saw Brown naked. A few days later, Brown entered a theater where the victim and three other girls were watching a movie. Brown sat down beside the victim and put his hand down her pants. When the aunt entered the theater, Brown left.

When another cousin told the victim's mother and aunt about the night at the motel, the victim reported Brown's attacks to the Coweta County Sheriff's office. Brown was charged with molestation, statutory rape, and enticing a child for indecent purposes in connection with the incidents at the motel. After a jury found Brown guilty, he was convicted and sentenced to 30 years to serve. His motion for new trial was denied.

1. Brown first contends that because OCGA § 16-6-3 requires more than a victim's unsupported testimony to prove the offense of statutory rape, the evidence here was insufficient to sustain his conviction for that crime. We disagree.

Under OCGA § 16-6-3 (a), "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." However, "the quantum of

3

corroboration needed is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration and ultimately the question of corroboration is one for the jury.'" (Citation, punctuation and footnote omitted.) *Weldon v. State*, 270 Ga. App. 262, 264 (2) (606 SE2d 329) (2004).

In this case, there was sufficient corroboration. First, the record shows that the victim made a statement to police consistent with her testimony at trial. As this Court has held, "[a] child-victim's prior consistent statements, as recounted by third parties to whom such statements were made, can constitute sufficient substantive evidence of corroboration in a statutory rape case." (Citation and punctuation omitted.) *Lee v. State*, 232 Ga. App. 300, 302 (2) (501 SE2d 844) (1998). Second, the cousin and boyfriend provided circumstantial evidence as to Brown's access to and contact with the victim. See *McClendon v. State*, 187 Ga. App. 666, 667 (371 SE2d 139) (1988). Either of these items of evidence provide the "slight circumstances" sufficient to corroborate the victim's account. *Lee*, supra at 302 (2) (affirming conviction for statutory rape when victim's testimony was corroborated by her mother and police); *Jackson*, supra.

2. Brown argues that the trial court abused its discretion when it barred cross-examination of the aunt concerning a false accusation of rape she made against her own boyfriend. We disagree.

The record shows that before trial, Brown asked to cross-examine the aunt about a false statements charge, later dismissed, arising from her accusation that her boyfriend had raped her. The trial court made a preliminary determination that the aunt's accusation against her boyfriend and the victim's against Brown had no connection. At trial, the trial court conducted voir dire as to the aunt and then confirmed its earlier ruling and denied Brown's motion because, among other things, the false statements charge against the aunt had been dismissed and because there was no evidence that the State obtained her testimony in this case by means of the dismissal of the earlier case.

This Court has held that in order to obtain the admission of a previous false allegation of sexual abuse, a defendant must establish outside the presence of the jury that "a reasonable probability of falsity exists as to that allegation." *Clements v. State*, 279 Ga. App. 773, 774 (2) (632 SE2d 702) (2006). "The defendant has the burden of coming forward with evidence at the hearing to establish a reasonable probability that the victim had made a prior false accusation of sexual misconduct." Id. As the

Supreme Court of Georgia has held, moreover, when a defendant "'cannot show evidence of a deal or any hope of a deal between the witness and the State, [a] trial court does not err in prohibiting the defendant from impeaching the witness with impermissible character evidence.'" *Colzie v. State*, 289 Ga. 120, 124 (3) (710 SE2d 115) (2011), quoting *Sapp v. State*, 263 Ga. App. 122, 123-124 (587 SE2d 267) (2003). Even if the false statements charge had still been pending against the aunt at the time of Brown's trial, "there was still no evidence of any deal or potential deal" between the aunt and the State in exchange for his testimony against Brown. *Colzie*, supra at 124 (3). It follows that the trial court did not err when it barred any examination of the aunt on the subject. Id.

Moreover, although there was evidence that the aunt confronted Brown about his suspicious appearance at the movie theater and accompanied the girls to the sheriff's office, there was no evidence that the aunt reported the actual attack at the motel to authorities. See *Lane v. State*, 223 Ga. App. 740, 743 (5) (479 SE2d 350) (1996) (trial court did not abuse its discretion when it limited examination regarding a victim's relative's prior false accusation when the relative was not the person to report the crime charged in the case-in-chief); compare *Wand v. State*, 230 Ga. App. 460, 466 (496 SE2d 771) (1998) (physical precedent only; Smith, J., concurring

6

specially) (where victim's mother reported a sexual attack to the police, evidence of "prior similar false allegations could impact on her credibility and propensity for making such allegations"). For this reason also, the trial court did not abuse its discretion when it limited examination of the aunt concerning her prior allegations against her boyfriend.

3. Brown also argues that he was harmed by the trial court's failure to include a definition of the crime of enticing a child for indecent purposes in its charge to the jury. We disagree.

OCGA § 16-6-5 provides that "[a] person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." The record shows that near the beginning of its charge to the jury, the trial court read the indictment against Brown that Brown "did unlawfully solicit, entice, and take [the victim], a child under the age of 16 years, to [a motel] for the purpose of child molestation and indecent acts, contrary to the laws of the State of Georgia." The trial court also told the jury that "[t]he indictment and the plea form the issue that you are to decide." The indictment alleged every material element of enticing a child for indecent purposes pursuant to the statute even as it added names

and locations unique to this case. The trial court later charged the jury on the definition of child molestation as well as the asportation and intent elements of the crime of enticing a child, but it did not repeat the indictment's tracking of OCGA § 16-6-5 in the portion of the charge specifically pertaining to the enticement count. Brown did not object to this or any other portion of the charge. Brown raised the trial court's failure to charge the jury on the definition of enticing a child in his motion for new trial, however.

A failure to object to a charge at trial typically precludes appellate review except as to "plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b). Under *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011), we are bound to consider whether the trial court committed plain error as to a charge by considering four factors:

> First, there must be an error or defect — some sort of "deviation from a legal rule" — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the trial court proceedings." Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error – discretion which ought to be exercised only if the error "seriously

8

affects the fairness, integrity or public reputation of judicial proceedings."

(Punctuation and emphasis omitted.) Id. at 33 (2) (a), quoting *Puckett v. United States*, 556 U. S. 129 (II) (129 SC 1423, 173 LE2d 266) (2009). More succinctly, "'the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings.'" (Punctuation omitted.) *Kelly*, supra at 33 (2) (a), quoting *Wagner v. State*, 311 Ga. App. 589, 594 (716 SE2d 633) (2011) (Blackwell, J., concurring specially).

Even after its decision in *Kelly*, the Supreme Court of Georgia has reaffirmed that "[j]ury instructions are read and considered as a whole in determining whether there is error." (Punctuation omitted.) *Sapp v. State*, 290 Ga. 247, 251 (2) (719 SE2d 434) (2011), quoting *White v. State*, 281 Ga. 276, 280 (4) (637 SE2d 645) (2006). Pretermitting whether Brown affirmatively waived his assertion of error by failing to object to the charge, we cannot say that the trial court committed a "clear or obvious" error here when, even though it omitted the exact statutory definition of the crime of enticing a child for indecent purposes, it read an indictment including virtually the same definition to the jury. See *Coleman v. State*, ___ Ga. App. ___ (1) (731 SE2d 94) (2012) (when a trial court's charge that the State had to provide "reasonable

9

assurance" of the identity of the drugs sold with those tendered into evidence did not change the burden of proof as to chain of custody, a defendant could not show "plain or obvious" error). Nor do we find it likely that the trial court's omission affected the outcome of the proceedings. See *Kelly*, supra at 33 (2) (a).

4. Finally, Brown argues that the trial court erred when it refused his request to charge the jury on sexual battery as a lesser included offense of both child molestation and statutory rape. See OCGA § 16-6-22.1 (b) (defining sexual battery as intentional physical contact with "the intimate parts of the body of another person without the consent of that person"). But Brown has pointed to no evidence suggesting that he merely touched rather than penetrated the victim and that this touching occurred "without the requisite intent" to commit child molestation. *Smith v. State*, 310 Ga. App. 392, 396 (3) (713 SE2d 452) (2011). As a result, and because the evidence showed that Brown committed either child molestation or statutory rape "'or no crime at all,'" id., quoting *Linto v. State*, 292 Ga. App. 482, 487 (4) (664 SE2d 856) (2008), he was not entitled to a jury charge on the lesser crime of sexual battery. *Smith*, supra at 396 (3).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*