## 63121. WEAVER v. THE STATE.

SHULMAN, Presiding Judge.

In August 1980, appellant was convicted of the January 23, 1976, armed robberies of three people at Spencer Tire Company in Decatur, Georgia. Finding no merit in appellant's enumerations of error, we affirm his convictions.

1. By a motion in limine, the state sought an order forbidding appellant's counsel from cross examining the state's expert fingerprint witness about actual cases in other jurisdictions. The trial court agreed that questions concerning actual cases were without the bounds of legitimate cross examination, but said that each question would be considered when asked.

The grant of the state's motion in limine was not error despite appellant's assertion that the ruling impermissibly limited the scope of cross examination of the state's fingerprint expert. The "right to a thorough and sifting cross examination must be tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony. Control of the cross examination of a witness is to a great degree within the discretion of the trial court and will not be controlled unless abused. [Cits.]" *Eades v. State,* 232 Ga. 735, 737 (208 SE2d 791). Our review of the record, which shows that the state did not object to any questions asked of the fingerprint witness and that appellant's counsel did elicit from the witness

testimony that fingerprint identifications had been shown to be inaccurate in other cases, convinces us that the trial court did not abuse its discretion.

2. In his next enumeration of error, appellant maintains that the denial of his motion in limine was error. In that motion, appellant asked the court to prevent the introduction into evidence of any copies of appellant's fingerprints because the introduction of such evidence was violative of appellant's state and federal constitutional rights against self-incrimination.

In *Creamer v. State,* 229 Ga. 511 (3) (192 SE2d 350), the Supreme Court held that while evidence may be compulsorily produced from an accused, it violates the Constitution of Georgia to compel an accused to perform an act which produces incriminating evidence. The court noted that the act of fingerprinting a defendant did not unconstitutionally force a defendant to do an act, but was merely the taking of evidence from a defendant and was constitutionally permissible. Id., p. 517. Inasmuch as the copies of appellant's fingerprints were not procured unconstitutionally, the trial court did not err in denying appellant's motion in limine.

3. At trial, appellant and a defense witness (appellant's brother-in-law) testified that they were both in Birmingham, Alabama, from November 1975 through April or May 1976. Appellant's brother-in-law emphatically stated that the two did not leave Birmingham during that time. In rebuttal, the state introduced certified copies of Atlanta traffic citations issued to appellant on February 28, 1976, and disposed of in court on March 2, 1976. In addition, the state's investigating officer testified that he had found indications that appellant was also in the Decatur area on March 22 and 29, 1976. The trial court then instructed the jury that the evidence was admitted for the sole purpose of impeaching defense testimony that appellant had not been in the Decatur area during a particular time. Appellant maintains that the above-described evidence impermissibly placed appellant's character in issue.

"The evidence contradicted appellant's testimony and was admissible for the purpose of impeachment. A criminal defendant is subject to impeachment, and he may be impeached by disproving the facts to which he testified. Code Ann. § 38-1802; *Mitchell v. State,* 158 Ga. App. 628 (2) (281 SE2d 260); *Favors v. State,* 145 Ga. App. 864, 865 (244 SE2d 902)." *Laney v. State,* 159 Ga. App. 609 (9) (284 SE2d 114). We do not find error in the admission of the certified copies of the traffic citations and conclude that the investigating officer's statements concerning March 22 and 29, 1976, did not place appellant's character in issue.

4. Lastly, appellant attacks the sufficiency of the evidence

presented against him. While none of the three victims was able to identify appellant as one of the perpetrators, there was evidence that one of the robbers had taken an addressed envelope from the desk of a victim. The envelope was recovered in the tire company building, and several fingerprints were lifted therefrom and preserved. In April 1978, and upon appellant's arrest in April 1980, the fingerprint expert compared appellant's fingerprints with those found on the envelope and concluded that the prints on the envelope were those of appellant. When presented with the above evidence, a rational trier of fact could have concluded beyond a reasonable doubt that appellant was guilty of the armed robberies with which he was charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 25, 1982.

*Ann H. Schnur,* for appellant.

*Robert Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.