## 66648. LEMONS v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions on two indictments charging him, respectively, with the December 17th, 1980, burglary of the residence of Maria Carlson and the January 7th, 1981, burglary of the residence of Gary McLendon.

Although the defendant denied ever having been to the Carlson residence, his fingerprints were lifted from a butter knife found lying on the sofa in the living room. With regard to the McLendon burglary,

certain stolen items, including a clock radio, stereo equipment, money, jewelry, tools, wire hubcaps, and a power saw, were recovered from a house which the defendant shared with his mother and sister. The defendant explained that these items had been brought to his house by his sister's boyfriend, whom he knew only as "Mike," in preparation for a party. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was a party to both burglaries. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. The state initially sought to establish the defendant's known fingerprints by introducing a fingerprint card obtained from the files of the police department. The trial court allowed this card into evidence as a business record pursuant to OCGA § 24-3-14 (Code Ann. § 38-711), over the defendant's objection that it had not been properly identified as such by the custodian of such records. While the trial was in recess the following evening, a detective re-fingerprinted the defendant at the jail; and the next day the state was allowed to reopen its case to reestablish from these new prints that the print taken from the knife was in fact the defendant's. Assuming *arguendo* that there was any error in the admission of the original fingerprint card as a business record, such error was clearly obviated and rendered harmless by this subsequent proof of the defendant's known prints.

3. The trial court did not abuse its discretion in allowing the state to reopen its case for the purpose of entering the new fingerprint cards into evidence. See generally *Britten v. State,* 221 Ga. 97 (4), 101 (143 SE2d 176) (1965); *McFarland v. State,* 137 Ga. App. 354, 357 (5) (223 SE2d 739) (1976).

4. The state's action in obtaining the defendant's fingerprints at the jail while the trial was in progress violated neither his right against self-incrimination nor his right to counsel. See *Weaver v. State,* 161 Ga. App. 421 (2) (288 SE2d 687) (1982); *Wilson v. State,* 158 Ga. App. 174 (10) (279 SE2d 345) (1981). Furthermore, the defendant waived his objection to this procedure by failing to assert it at trial when the prints were offered as evidence.

5. The defendant contends that the state was required pursuant to OCGA § 17-7-211 (Code Ann. § 27-1303) to furnish him a "scientific report" showing the results of the comparison between the print taken from the knife and those taken from him at the jail. However, even if such a comparison could properly be termed a scientific test, it is clear that the crime lab expert who made the comparison did not see the prints obtained from the defendant during the overnight recess until they were shown to him at trial the

following day and that he consequently had no opportunity to prepare a report on his findings. In any event, this objection was waived by failure to assert it at trial.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Griffin E. Howell III,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney,* for appellee.