A06A2458. TUBBS v. THE STATE.
(642 SE2d 205)

SMITH, Presiding Judge.

A Fulton County grand jury charged Paul Leon Tubbs with armed robbery and three counts of robbery by intimidation. At trial, a jury found him guilty of the lesser included offense of robbery by intimidation on the armed robbery count, guilty of one count of robbery by intimidation, and not guilty of a second count.[1] Tubbs's amended motion for new trial was denied, and he appeals, asserting as his sole enumeration of error that the trial court erred in admitting a copy of his fingerprint record in violation of the hearsay rule and the Business Records Act. We disagree and affirm.

When the State called as an expert witness a forensic latent print examiner for the Georgia Bureau of Investigation's State Crime Lab, Tubbs objected to the introduction of the fingerprint record from which the witness was prepared to testify, arguing that it was merely a copy of the original card, which the witness had not seen. The State argued that the fingerprint card was a certified record and that it was admissible under the business record exception. The trial court then invited the State to lay a foundation outside the presence of the jury.

The witness testified that she was employed by the Georgia Bureau of Investigation ("GBI") as a forensic latent print examiner. She identified State's Exhibit 19 as a certified machine copy from a microfilm of an inked fingerprint card bearing the name of Paul L. Tubbs. She testified that she was familiar with the method of keeping this type of record and that the entries were made in the normal course of business.

On cross-examination, the witness acknowledged that she had never seen the original fingerprint card, did not have personal knowledge of when it was made, and had no personal knowledge of how long it took for Fulton County to transmit the card to the GBI. She testified, however, that she knew personally the custodian of the

---

[1] The third count of robbery by intimidation was dead docketed.

records at the Georgia Crime Information Center ("GCIC"), who signed for the fingerprint card at the date and time indicated on the card. She further described the procedure for making two duplicate cards at the time of arrest and testified that Fulton County is required to fill out the fingerprint cards properly to obtain a fingerprint record from the GBI. The cards show the date of arrest, the person who obtained the fingerprints, and the individual who was fingerprinted. One card is kept by the submitting agency and the other forwarded to the GBI and placed on microfilm, after the GBI notifies the submitting agency whether the subject has a criminal record. The witness testified that the original is in a file in the basement of the GBI. After this testimony and argument from counsel, the trial court admitted the fingerprint card.

OCGA § 24-3-14 provides:

> (a) As used in this Code section, the term "business" shall include every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not.
> (b) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.
> (c) All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight; but they shall not affect its admissibility.
> (d) This Code section shall be liberally interpreted and applied.

"Further, the admission of such evidence rests within the sound discretion of the trial court which appellate courts will not disturb absent evidence of its abuse." (Citations and punctuation omitted.) *Gaston v. State*, 227 Ga. App. 666, 668 (1) (490 SE2d 198) (1997).

The decisions of this court "allow the records of one business to be admitted as business records of another business where routine, factual documents made by one business are transmitted and delivered to a second business and there entered in the regular course of business of the receiving business. [Cits.]" *Jackson v. State*, 209 Ga.

App. 217, 219 (1) (433 SE2d 655) (1993). As the trial court observed, this is exactly the situation presented here.[2]

Tubbs argues that the witness lacked personal knowledge with regard to the circumstances or time of the creation and transmission of the card, but the witness testified that, although she was not present at the time the card was made or received, the card itself showed that it was created and transmitted at the time of Tubbs's arrest. As provided in subsection (c) of the Business Records Act, any objections to the witness's lack of personal knowledge of the making of the record affect the weight but not the admissibility of the record. *Davis v. State*, 194 Ga. App. 902, 904 (2) (392 SE2d 327) (1990) (fingerprint record).

Tubbs relies on *Moore v. State*, 154 Ga. App. 535 (268 SE2d 706) (1980), to argue that the State failed to show that the fingerprint card was made in the regular course of business. That decision, however, concerned the admissibility of two letters from the Veterans Administration to the Department of Family and Children Services stating: " 'Records of the V.A. disclose that' [appellant's husband] had been receiving V.A. benefits since July, 1977." Id. This was not a record kept in the regular course of business but a summary "provided ... to DFCS for DFCS's use in investigation and litigation. [Cit.]" *Stewart v. State*, 246 Ga. 70, 74 (3) (268 SE2d 906) (1980). Here, in contrast, the witness testified that she was familiar with the record keeping practices of both the submitting agency and the GCIC, and dealt with them on a regular and routine basis in transmitting and receiving fingerprint records. The trial court did not err in admitting the fingerprint record.[3]

*Judgment affirmed. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 13, 2007.

*Kenneth D. Kondritzer*, for appellant.

---

[2] Tubbs contends the fingerprint card was not made in the regular course of business because the witness testified that she received the certified copy admitted into evidence from the prosecutor. But Tubbs has not enumerated as error any violation of the best evidence rule, chain of custody, or authenticity. Moreover, a reproduction made in the regular course of business is admissible under OCGA § 24-5-26. Finally, "[i]t is the primary responsibility of the appellant to perfect the record on appeal." *Casillas v. State*, 229 Ga. App. 805, 806 (494 SE2d 760) (1997). The trial exhibits were not transmitted with the record to this court.

[3] While the State asserts that the fingerprint card is also admissible under OCGA § 24-3-17, providing for the admission of certified copies of any record of the Department of Public Safety, that Code section is inapplicable here because the GBI is no longer part of the Department of Public Safety. See OCGA § 35-3-2; *State v. Holton*, 173 Ga. App. 241, 243-244 (2) (326 SE2d 235) (1984).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.