### S09A0022. HURST v. THE STATE.
(676 SE2d 165)

HUNSTEIN, Presiding Justice.

Tony Hurst was convicted on two counts of malice murder for the stabbing deaths of Sara Hawkins and her nine-year-old son

Christopher Willis. He appeals from the denial of his motion for new trial[1] and, finding no error, we affirm.

1. The evidence authorized the jury to find that Hurst lived with Teresa Smith in Apartment D of a building comprised of four two-story units; Hawkins lived next door in Apartment C. Hurst left his apartment on the night of November 27, 2002 to buy some beer, but did not return. The following morning, Hawkins's 11-year-old son Joseph Willis, with his younger brother Christopher in tow, knocked on Smith's door, shouting for her to call 911 because a man was "messing with [his] mama." Smith went next door to investigate and found Hawkins in an upstairs bedroom, slumped on the floor against the wall and covered in blood. Hurst was also in the bedroom, holding a large kitchen knife and a broken BB gun. He told Joseph, who had remained at the bottom of the stairs, to "come look at [his] mama" and said to Smith that Hawkins "had it coming." Smith and Joseph ran to a neighboring apartment complex and called police. At some point, Christopher had become separated from the two.

Police surrounded the apartment building and called on Hurst to surrender. A SWAT team entered Apartment C and found Hawkins and Christopher in the upstairs bedroom; both had bled to death from stab wounds. A broken BB gun and a bent, bloody knife blade were in the room. There was a large hole in the bedroom ceiling, and insulation and drywall were strewn on the floor. In the hallway, a ceiling panel leading to the attic, which connected all four units of the building, was missing. Searching the remainder of the building, police found Hurst in Apartment B with cuts on his hands and arrested him. Hurst's blood was found in both Apartments B and C, as well as the attic space in between the two units; his blood, together with that of the victims, was found on Hurst's clothing, the knife, and numerous other items. A bloody fingerprint on the wall above Hawkins's body matched that of Hurst, as did a latent fingerprint on the attic ceiling panel for Apartment B.

The evidence was more than sufficient for any rational trier of fact to find Hurst guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crimes occurred on November 28, 2002. Hurst was indicted in Bibb County on February 18, 2003 and charged with two counts of malice murder; the State sought the death penalty. On February 18, 2005, a jury found Hurst guilty on both counts. In accordance with the jury verdict following the penalty phase, the trial court entered an order on February 24, 2005 sentencing Hurst to two consecutive terms of life imprisonment without the possibility of parole. Hurst's motion for new trial was filed on February 23, 2005, amended on October 5, 2007, and denied on October 24, 2007; his notice of appeal was timely filed. The appeal was docketed in this Court on September 4, 2008 and submitted for decision on the briefs.

2. Hurst claims that the trial court erred by admitting evidence regarding the presence of his blood at the scene because the State failed to establish that the sample of blood it tested for comparison purposes was his.

> Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody adequate to preserve the identity of the evidence. [Cit.] The burden is on the State "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." [Cits.] The State need not negative every possibility of tampering, and "need only establish reasonable assurance of the identity" of the evidence. [Cit.] "(W)hen there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight." [Cit.]

*Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981). See also *Phillips v. Williams*, 276 Ga. 691, n. 5 (583 SE2d 4) (2003). "[W]hen a blood sample is routinely handled and '. . . nothing in the record raises a suspicion that the blood tested was other than that taken from the defendant, the evidence of tests on such blood is admissible.' " *Cunningham v. State*, 255 Ga. 35, 38 (5) (334 SE2d 656) (1985). See also *Warner v. State*, 277 Ga. App. 421 (1) (626 SE2d 620) (2006). Here, testimony from several witnesses established that the blood sample obtained from Hurst was handled in a routine manner.[2] Accordingly, the trial court did not abuse its discretion in finding a reasonable assurance of the identity of the blood sample and thus that a proper chain of custody had been established to admit the results of tests performed using that sample. See *Johnson v. State*, 271 Ga. 375 (13) (519 SE2d 221) (1999).

3. Hurst also alleges error in the admission of evidence regarding the presence of his fingerprints at the scene, arguing that the State failed to establish that the prints on the card used for comparison purposes were his.

The evidence established that the fingerprint card prepared in 1991 and on file with the Macon police department was made in the regular course of business. See OCGA § 24-3-14 (b) (business records exception to hearsay rule). The card bore Hurst's full name, date of birth, general description, and signature; the officer who conducted the fingerprinting and signed the card testified that he

---

[2] Although Hurst characterizes the initial failure to label the individual vials of his blood with his name as a break in the chain of custody, the evidence showed that this oversight was remedied without affecting the integrity of the sample or casting any doubt on its identity.

would have obtained the information on it from some form of written identification, such as a driver's license. A testifying witness need not be the custodian of records to provide the foundation for admission under the business records exception to the hearsay rule, *McBride v. State*, 213 Ga. App. 857 (6) (446 SE2d 193) (1994), and any lack of independent recollection on the officer's part regarding the creation of the record would go only to the weight of the evidence, not to its admissibility. OCGA § 24-3-14 (c).

The admission of a business record such as the fingerprint card at issue rests within the sound discretion of the trial court, *Tubbs v. State*, 283 Ga. App. 578, 579 (642 SE2d 205) (2007), and we find no abuse of discretion here. Hurst's assertion that the prints on the 1991 card could be those of someone else purporting to be him and using his identification at the time the prints were obtained amounts to mere speculation, and the State was under no obligation to re-fingerprint Hurst. Compare *Lemons v. State*, 167 Ga. App. 863 (2) (307 SE2d 747) (1983) (State opting to re-fingerprint defendant during course of trial).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Timothy W. Floyd*, for appellant.

*Howard Z. Simms, District Attorney, Graham A. Thorpe, Assistant District Attorney, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.