A10A2305. LASTER v. THE STATE.
(704 SE2d 451)

JOHNSON, Judge.

After a jury trial, Mario Laster was convicted of possessing both cocaine and methylenedioxymethamphetamine with intent to distribute. He appeals, claiming in his sole enumeration of error that the charge to the jury overemphasized the option of finding him guilty. However, at the end of the jury instructions, when the trial court asked for exceptions, counsel for Laster did not raise this objection. Instead, he expressly stated that he had no objections to the charge, but would like to reserve any exceptions "for subsequent appeal." Although this used to be an appropriate procedure for a criminal defendant, the trial in this case occurred in October 2008.

Thus, this issue is controlled by the 2007 amendment to OCGA § 17-8-58, effective July 1, 2007. Under subsection (a) of that Code section, a criminal defendant is required to

inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Subsection (b) precludes appellate review where there is a failure to object in accordance with subsection (a).[1]

Because Laster did not inform the trial court of the specific objection to the charge that he now seeks to raise, "he has waived his right to urge error on appeal."[2] Moreover, to the extent that Laster seeks review under the further provision of OCGA § 17-8-58 (b), that appellate review is not precluded if the jury charge at issue constitutes plain error affecting substantial rights of the parties, we find no error. The charge as a whole properly instructed the jury of its duty to acquit if the state failed to carry its burden of proving guilt beyond a reasonable doubt, and thus, there was no plain error.[3]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 29, 2010.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Jeffrey M. Gore, Assistant District Attorney*, for appellee.

---

[1] (Punctuation omitted.) *Metz v. State*, 284 Ga. 614, 619-620 (5) (669 SE2d 121) (2008).

[2] Id. at 620 (5). See also *Johnson v. State*, 293 Ga. App. 294, 296 (2) (666 SE2d 635) (2008).

[3] See *Machado v. State*, 300 Ga. App. 459, 463 (6) (685 SE2d 428) (2009).