**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 10, 2012**

# In the Court of Appeals of Georgia

A12A0868. COLEMAN v. THE STATE.

MIKELL, Presiding Judge.

Christopher L. Coleman, convicted of one count of selling marijuana on March 24, 2009 (Count 2),[1] appeals from the trial court's denial of his amended motion for new trial, contending that the trial court erred in its charge to the jury on chain of custody and in responding to notes from the jury outside of his presence. Finding no error, we affirm.

Viewed in the light favorable to the jury's verdict, the evidence was that Anthony Carter became a confidential informant after he was caught with drugs by

---

[1] Coleman was found not guilty of selling cocaine on March 31, 2009 (Count 3), and a mistrial was declared on the charge of selling cocaine on March 24, 2009 (Count 1).

City of Newnan Officer Todd Lengsfeld[2] in 1999. Over the years preceding 2009, Carter worked as a paid informant for Lengsfeld on numerous occasions.

In 2009, Newnan Officer Ronald Benjamin was partnered with Lengsfeld in an operation targeting cocaine dealers in Coweta County. On March 24, 2009, pursuant to department policy, Lengsfeld and Benjamin met with Carter, patted him down to determine that he was not carrying drugs, wired him with a camera and microphone, and gave him $300 to attempt to make a purchase from Coleman. Carter was accompanied by his girlfriend, who was not patted down. Carter and his girlfriend were dropped off by the officers near Coleman's home and they walked to his house, where Carter paid $200 for marijuana and $75 for crack cocaine. Carter and his girlfriend then returned to the van containing the officers. The DVD of this transaction recorded by Carter was played for the jury.

The drugs and remaining $25 cash were then given to Lengsfeld in Benjamin's presence inside the van. In Benjamin's presence, Lengsfeld bagged the marijuana and cocaine separately, sealed the bags, and Benjamin initialed and dated the bags. Coweta County Sheriff's Deputy Floyd Boswell tested the material in one of the baggies and concluded that it was marijuana.

---

[2] Lengsfeld did not testify at Coleman's trial.

1. Coleman contends that the trial court erred in its charge to the jury on chain of custody.

Coleman did not object to the charge on chain of custody requested by the state either at the charge conference or after the jury was charged. When directly asked by the court following the charge for any exceptions, defense counsel replied "[n]o sir. I have none as we speak." Despite the lack of objection below, the giving of this charge was raised in Coleman's amended motion for new trial and is enumerated as error on appeal. Pursuant to *State v. Kelly*,[3] and the mandate of OCGA § 17-8-58 (b), we must review the charge to determine whether it constituted plain error, regardless of preservation below. *Kelly* sets forth a four-prong test:

> First, there must be an error or defect - some sort of deviation from a legal rule - that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the *discretion* to remedy the error - discretion which ought to be exercised only if

---

[3] 290 Ga. 29, 32 (1) (718 SE2d 232) (2011).

the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[4]

As noted by our Supreme Court in *Kelly*, satisfying all of these prongs "is difficult, as it should be."[5]

Regarding chain of custody, the trial court charged that

with respect to drug evidence, the State is required to establish a chain of custody, that is, *the State is required to establish reasonable assurance* that the drugs tendered into evidence at trial are the same drugs alleged to have been sold by the defendant. However, the State is not required to foreclose every possibility of tampering and is not required to have every person involved in the chain of custody testify. Any evidence, should you find there to be evidence, or speculation as to the substitution or tampering of the drugs goes to the weight you, the jury, give to the evidence admitted. (Emphasis supplied.)

The principle contained in the charge is a correct statement of the legal standard required to prove chain of custody.[6] Therefore, Coleman cannot satisfy

---

[4] (Citation and punctuation omitted; emphasis in original.) Id. at 33 (2) (a).

[5] (Citation and punctuation omitted.) *Kelly*, supra.

[6] *Hurst v. State*, 285 Ga. 294, 296 (2) (676 SE2d 165) (2009); *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981); *Morrow v. State*, 229 Ga. App. 242, 244 (2) (493 SE2d 616) (1997).

the first two prongs of the plain error test - that a clear or obvious legal error occurred.

Further, to the extent that Coleman argues that the use of "reasonable assurance" in the charge changed the burden of proof of the state, we disagree. "The portion of the trial court's charge alleged to be erroneous must be viewed in the context of the charge in its entirety, and the charge given, considered in its entirety, is correct."[7] The trial court charged the jury on the presumption of innocence and the state's burden of proof beyond a reasonable doubt.

Therefore, Coleman has failed to show plain error in the charge.

2. Coleman also argues that the trial court erred in responding to notes from the jury outside of his presence.

During jury deliberations, the trial court received and responded to four notes from the jury, after consultation with Coleman's counsel and the state. In one note, the jury requested to watch the video of the March 24th drug transaction, to which the trial court responded that the jury should continue to deliberate from

_____

[7] (Footnote omitted.) *Richardson v. State*, 253 Ga. App. 555, 558 (6) (560 SE2d 65) (2002).

5

their own recollection. In another note, the jury requested to hear the audio recording of the March 24th transaction. The trial court, however, was unable to replay any of the media for the jury. Another note asked if there were no verdict, would the jury go home and come back or stay, to which the trial court responded that he intended to stay late that Wednesday evening and, if no decision, have the jury return on Friday due to another commitment of the trial court on Thursday. The final note read "[w]e have guilty on two, one is not changing yet. The 24th, guilty on marijuana. Not guilty on cocaine on the 31st. What if they don't agree? Need some more water." The trial court again responded that they should continue their deliberations.

As set out above, counsel for Coleman was present and conferred with the prosecuting counsel and the trial court prior to the court's response to the jury's questions. Also, Coleman was present in court and advised by the trial court of the jury's questions and the court's response to those questions prior to the jury returning with a verdict. No objection to the trial court's responses was voiced by Coleman.

This issue is controlled adversely to Coleman by *Lowery v. State*,[8] in which our Supreme Court found that

> Appellant's right to be present attaches at any stage of a criminal proceeding that is critical to its outcome *if the defendant's presence would contribute to the fairness of the procedure.* Under this standard, a defendant's right to be present is not violated by his involuntary absence from the jury charge conference at the conclusion of the evidence, or *by his involuntary absence from the conference held by a trial court with defense and prosecuting counsel to discuss a response to a deliberating jury's substantive inquiry.*[9]

Therefore, we find no error in the trial court's denial of Coleman's amended motion for new trial.

*Judgment affirmed. Miller and Ray, JJ., concur.*

---

[8] 282 Ga. 68, 74 (4) (b) (i) (646 SE2d 67) (2007).

[9] (Citations and punctuation omitted; emphasis supplied.) Id. See also *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998) (defendant waives right to appellate review by failure to voice objection regarding communication with the jury after being informed of it prior to jury's verdict). Compare *Ward v. State*, 288 Ga. 641, 645-647 (4) (706 SE2d 430) (2011) (when neither defendant nor counsel present or consulted when juror excused, reversal required); *Wells v. State*, 297 Ga. App. 153, 158-161 (2) (676 SE2d 821 (2009) (neither defendant nor counsel consulted prior to trial court's response to jury's questions and objection made by counsel, reversal required).