**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 4, 2013**

# In the Court of Appeals of Georgia

A13A0518. PYE v. THE STATE.

PHIPPS, Presiding Judge.

A jury found Trent Pye guilty of rape and other crimes. The trial court denied Pye's motion for new trial, and he appeals. He argues that the evidence was insufficient as to the rape conviction and that the trial court erred in denying his motion for new trial which asserted claims of an erroneous jury charge and ineffective assistance of counsel. We affirm.

1. Pye argues that the evidence was insufficient as to the rape conviction because of conflicts and inconsistencies in the evidence.

> When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness

credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

The evidence in the light most favorable to the verdict showed the following. On June 2, 2008, Pye called his ex-girlfriend, H. J., and asked her for a ride home from work. H. J. agreed to give him a ride home and told him to meet her at a gas station near his workplace at 9:00 p.m. Pye met H. J. at the gas station at 9:00 p.m. Pye entered the vehicle, and H. J. drove toward Pye's home, which was in the direction of an interstate. Before arriving at the interstate, Pye told H. J. that he wanted her to take him "across town." In her experience with Pye, those words meant that he wanted to go to a particular location – the "Cut" – to get drugs and get high. H. J. refused to take him there. Pye then grabbed the back of her neck and put a knife to her throat. The vehicle swerved, and H. J. turned onto the ramp leading to the expressway, to drive to the Cut.

As H. J. drove, Pye kept his left hand on the back of the driver's seat and his right hand in his lap with the knife; H. J. cried. They neared the Cut, and Pye told

---

[1] *Kilby v. State*, 289 Ga. App. 457 (1) (657 SE2d 567) (2008) (citations and footnotes omitted); see *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2

H. J. that he did not want to go to there – that he just wanted to go somewhere and talk. H. J. then pulled her vehicle into a service station which was located across the street from a pharmacy; but Pye directed her to a cemetery, at a remote location. Once there, Pye demanded that H. J. turn off the vehicle and the headlights. H. J. complied. Pye, with knife still in hand, began talking about his life and expressed suicidal ideation. H. J. testified, "After he got done talking, he said, you know the only reason I brought you up here was to have sex with you." H. J. begged Pye, "Please don't do this."

At the remote location where there were "no lights, there's no – nothing. It's just woods. There's nowhere to run. There's nowhere to go. There's no people. There's no houses. There's nobody to hear you," Pye demanded that H. J. exit the vehicle, which she did; Pye then exited the vehicle, and demanded that H. J. take off her pants and panties and bend over. Pye grabbed H. J. "really hard" and inserted his penis in H. J.'s vagina. H. J. testified she tried not to do anything to upset Pye for "fear that he would kill me." Afterward, Pye had H. J. take him home.

After she dropped off Pye, H. J. went to the home of her then-current boyfriend, and she told him what had happened. H. J.'s boyfriend advised her to call the police. The next day, H. J. drove to a police station and reported the incident. A

3

sexual assault examination was conducted. There was no evidence of trauma to H. J.'s vaginal area, but tests later revealed, with a reasonable, scientific certainty, the presence of Pye's DNA on a vaginal cervical swab obtained from H. J. during her sexual assault examination.

Pye testified at trial and admitted that he had engaged in sexual intercourse with H. J. that night at the cemetery, but claimed that it was consensual, as was the drive to the cemetery.

As to his challenge to the sufficiency of the evidence because of conflicts and inconsistencies, Pye specifically points out that although H. J. testified that Pye inserted his penis in her vagina, forcibly and against her will, Pye testified that H. J. had consented to engaging in sexual intercourse with him; and Pye also points out that H. J. delayed reporting the incident. But "[a] delay in reporting an alleged rape goes to the credibility of the victim, which is solely a jury question."[2] "It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence."[3] "It [was] also for the jury to determine whether the

[2] *Roberts v. State*, 242 Ga. App. 621, 624 (1) (a) (530 SE2d 535) (2000) (footnote omitted).

[3] *Strozier v. State*, 314 Ga. App. 432, 437-438 (2) (724 SE2d 446) (2012) (punctuation and footnote omitted); see *Littleton v. State*, 225 Ga. App. 900, 901 (1)

4

victim consented or whether any lack of resistance sprang from reasonable apprehension of great bodily harm, violence, or other dangerous consequences to herself."[4] Despite the lack of physical trauma and Pye's claim that the sexual intercourse was consensual, the evidence was sufficient to find lack of consent based on H. J.'s testimony that she was forced to submit to intercourse against her will.[5]

2. Pye contends that the trial court erred in charging the jury that "a victim's testimony in a case involving rape is sufficient, even without more, to sustain a conviction," because the trial court failed to "buttress the charge . . . with an additional charge regarding the State's required burden of proof." Pye argues that without the additional "burden of proof" charge, the instruction given "effectively reduced the State's burden of proof by providing a lower standard based solely on the

_____

(485 SE2d 230) (1997) (question of whether victim consented to intercourse was an issue of witness credibility for the jury).

[4] *Roberts*, supra (punctuation and footnote omitted).

[5] See *Johnson v. State*, 245 Ga. App. 690, 691 (1) (538 SE2d 766) (2000) (jury was authorized to reject defendant's testimony and accept victim's testimony depicting nonconsensual, forcible intercourse); *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990) (despite lack of physical trauma and defendant's claim that sex was consensual, there was sufficient evidence of forcible rape when victim testified that she was forced to submit to intercourse against her will); *Littleton*, supra ("lack of resistence, induced by fear, is not legally cognizable consent but is force") (punctuation and citation omitted); OCGA § 16-6-1 (a) (1).

5

victim's testimony," thereby allowing the jury to focus "solely on the Court's charge directed at the victim's testimony," and convict him based on H. J.'s testimony alone. Contrary to his contention, no error has been shown.

After the trial court charged the jury, the court asked whether there were any objections to the charge. The prosecutor replied, "No." But Pye's attorney did not reply. Despite the lack of objection below, the giving of this charge was raised in Pye's amended motion for new trial and is enumerated as error on appeal. Thus, pursuant to *State v. Kelly*,[6] and the mandate of OCGA § 17-8-58 (b), we must review the charge to determine whether it constituted plain error.[7]

> *Kelly* sets forth a four-prong test: First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion

---

[6] 290 Ga. 29 (718 SE2d 232) (2011).

[7] Id. at 32 (1).

which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[8]

"It is well established that a victim's testimony, without more, is sufficient to sustain a conviction for rape."[9] "The principle contained in the charge is a correct statement of the [relevant law]. Therefore, [Pye] cannot satisfy the first two prongs of the plain error test — that a clear or obvious legal error occurred."[10] Thus, we find no error, much less any plain error pursuant to OCGA § 17-8-58 (b).[11]

---

[8] *Coleman v. State*, 317 Ga. App. 409, 410 (1) (731 SE2d 94) (2012) (footnote and emphasis omitted).

[9] *Strozier*, supra at 437 (2) (punctuation and footnote omitted).

[10] *Coleman*, supra at 411 (1); see generally *Freeman v. State*, 269 Ga. App. 435, 438 (2) (604 SE2d 280) (2004) (rejecting a defendant's challenge to a trial court's jury instruction that a victim's testimony need not be corroborated to support a guilty verdict for aggravated child molestation; charge was correct statement of law, and viewing the jury charge in its entirety, there was no reversible error); *Harris v. State*, 189 Ga. App. 49 (2) (375 SE2d 122) (1988) (physical precedent only) (rejecting a defendant's challenge to a trial court's instructing jury that in a child molestation case the uncorroborated testimony of the victim is alone sufficient to sustain a conviction; the challenged jury instruction was a correct statement of relevant law).

[11] See generally *Blake v. State*, 292 Ga. 516, 518 (2) (739 SE2d 319) (2013) (finding no error, much less any plain error, where trial court's instruction was an accurate statement of the law); *Dukes v. State*, 290 Ga. 486, 489 (5) (722 SE2d 701) (2012) (same).

To the extent that Pye argues that the trial court was required to "buttress" the charge complained of by immediately following said charge with an instruction concerning the requirement of "sufficient proof of evidence beyond a reasonable doubt," we disagree. "[I]n assessing an assertion of an erroneous jury instruction, including claims that a charge is . . . misleading to the jury, the instruction must be evaluated in the context of the trial court's jury instructions as a whole."[12] "The only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence."[13] "There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence."[14]

Pye's defense at trial was that the sexual intercourse was consensual. In charging the jury on the crime of rape, the trial court provided the statutory definition

---

[12] *Arrington v. Collins*, 290 Ga. 603, 607 (2) (724 SE2d 372) (2012) (citation omitted).

[13] *Corbin v. State*, 305 Ga. App. 768, 771 (2) (700 SE2d 868) (2010) (citation and punctuation omitted).

[14] *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998) (citations and punctuation omitted).

of the crime and stated, "The State must prove each of these elements beyond a reasonable doubt." The trial court further pertinently charged as follows.

> The lack of consent on the part of the alleged victim is an essential element of the crime of rape and the burden of proof is on the State to show a lack of consent on the part of the alleged female victim beyond a reasonable doubt. If the State fails to prove such beyond a reasonable doubt, then you should acquit the Defendant. However, consent induced by force, fear, or intimidation does not amount to consent in law and does not prevent the intercourse from being rape. Consent to sexual intercourse obtained through present or immediate fear or serious – of serious bodily injury to the female involved is equivalent to no consent at all. The necessary penetration need only be slight and may be proved by indirect or circumstantial evidence. A victim's testimony in a case involving rape is sufficient even without more to sustain a conviction.

The trial court had earlier charged the jury on the presumption of innocence, including that said presumption "remains with the Defendant until it is overcome by the State with evidence that is sufficient to convince you beyond a reasonable doubt that the Defendant is guilty of the offenses charged." The trial court had also earlier charged the jury extensively on the state's burden of proof to prove each element of the crimes charged beyond a reasonable doubt. The trial court had charged the jury

9

on determining the credibility of witnesses and resolving any conflicts in the evidence.

"There is no requirement in our Code as to the particular form and order in which a judge should give applicable principles of law in charge to the jury. The thing of paramount importance is that the jury be given the controlling issues and the law applicable thereto."[15] Here, "[t]he charge was not error for the assigned reason that it was . . . misleading. . . . Nor, in the absence of a special request to charge, did the court err in omitting to state to the jury, *in connection with such [charge],* . . . the standard of the burden of proof."[16] We do not find from the charge as given that the jury would have been misled to the point that it would have applied a standard below

---

[15] *Asbury v. State*, 175 Ga. App. 335, 337 (2) (333 SE2d 194) (1985) (citations and punctuation omitted).

[16] *Tiller v. State*, 196 Ga. 508, 510 (13) (26 SE2d 883) (1943) (emphasis supplied); see *Scott v. State*, 290 Ga. 883, 886 (4) (725 SE2d 305) (2012) (trial court did not plainly err in failing to charge the jury that the state bore the burden of disproving the defendant's alibi defense beyond a reasonable doubt; considering charge as a whole, trial court completely and correctly instructed the jury on the defendant's presumption of innocence, the state's burden of proof beyond a reasonable doubt that the defendant committed the crimes at issue, and the assessment of the credibility of witnesses); *Hansen v. State*, 205 Ga. App. 604, 607-608 (2) (423 SE2d 273) (1992) (although trial court did not instruct the jury in the "language and sequence" urged on appeal, the charge, considered as a whole, was not misleading and clearly apprised jury of state's burden of proof).

the reasonable doubt standard as the state's burden of proof.[17] Nor do we find that the charge at issue overemphasized the option of finding Pye guilty.[18] "The portion of the trial court's charge alleged to be erroneous must be viewed in the context of the charge in its entirety, and the charge given, considered in its entirety, is correct."[19] "Therefore, [Pye] has failed to show plain error in the charge."[20]

3. Pye contends that he received ineffective assistance of counsel because his attorney's failure to object to the court's charge to the jury that "a victim's testimony

---

[17] See generally *Parks v. State*, 234 Ga. 579, 583-584 (4) (216 SE2d 804) (1975) (no error in failure to charge that accident was an affirmative defense and that the burden was on the defendant to show accident by a preponderance of the evidence; appellate court did not find, from the charge as given, that the jury would be confused or misled to the point that it would apply the reasonable doubt standard to the defendant's defense).

[18] See generally *Laster v. State*, 307 Ga. App. 142-143 (704 SE2d 451) (2010) (no plain error where error enumerated on appeal was that charge to the jury overemphasized the option of finding defendant guilty; charge as a whole properly instructed the jury of its duty to acquit if the state failed to carry its burden of proving guilt beyond a reasonable doubt).

[19] *Coleman*, supra at 411 (1) (punctuation and footnote omitted); see *Shadron v. State*, 275 Ga. 767, 771 (5) (573 SE2d 73) (2002) (rejecting defendant's "construction of the jury instruction [which] would require reading it in disjointed portions, without context"; reaffirming that the jury charge must be viewed "as a whole"); *Strozier*, supra; *Laster*, supra; *Freeman*, supra.

[20] See *Coleman*, supra.

in a case involving rape is sufficient, even without more, to sustain a conviction," subjected appellate review of the alleged error to the more stringent plain error standard rather than the de novo standard of review which would have been undertaken had trial counsel objected at trial.[21]

> [I]n order to prevail on [a claim of ineffective assistance of counsel], [Pye] must show that trial counsel's performance fell below a reasonable standard of conduct and that there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance.[22] If [Pye] fails to meet this burden of proving either prong of the *Strickland* test, this relieves the reviewing court of the need to address the other prong.[23]

"In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly

---

[21] See *Kelly*, supra at 32 (1), n. 2 (advising parties that "the hurdle to establishing plain error is high").

[22] *Strickland v. Washington*, 466 U. S. 668, 694 (104 SCt 2052, 80 LE2d 674) (1984).

[23] *Scott*, supra at 889 (7) (citations and punctuation omitted).

12

erroneous; we review a trial court's legal conclusions de novo."[24] We thus review de novo the trial court's "legal conclusion that counsel was [not] ineffective."[25]

As discussed in Division 2,[26] Pye has failed to demonstrate error in the trial court's jury instructions; therefore, there is no support for this claim of ineffectiveness of counsel.[27] "The failure to make a meritless objection is not evidence of ineffective assistance."[28] Accordingly, the trial court did not err in denying Pye's motion for new trial on this ground.

*Judgment affirmed. Ellington, C. J., and Branch, J., concur.*

---

[24] *Karafiat v. State*, 290 Ga. App. 15, 18 (3) (658 SE2d 801) (2008) (punctuation and footnote omitted).

[25] *Walker v. Hagins*, 290 Ga. 512, 513 (722 SE2d 725) (2012) (citation and punctuation omitted).

[26] Supra.

[27] See *Scott*, supra at 890 (7) (e).

[28] See generally Id. at 889 (7) (a) (citations omitted).

13