**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 7, 2020**

# In the Court of Appeals of Georgia

A19A2427. BRYANT v. THE STATE.

REESE, Judge.

Derrick Bryant appeals from an order of the Superior Court of Chatham County, which denied his amended motion for a new trial after a jury found him guilty of rape, aggravated assault, and aggravated battery.[1] Bryant contends that the evidence was insufficient to support his rape conviction and that the trial court erred in excluding rape shield testimony under former OCGA § 24-4-412 (b) and in instructing the jury on the affirmative defense of consent. For the reasons set forth infra, we affirm.

---

[1] See OCGA §§ 16-6-1 (a) (1); 16-5-21 (a) (3); 16-5-24 (a).

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following facts. Around 10 p.m. on August 2, 2015, the victim ("M. K.") had a friend drop her off at the home of the Appellant, whom she had known socially for a couple of months. M. K. had been drinking prior to her arrival and was "intoxicated." M. K. and the Appellant argued, and he started hitting M. K. in the face with his fist. M. K. ran into the bathroom, hoping to escape out a window, but the Appellant grabbed her and continued to hit her until she lost consciousness.

When M. K. woke up, she was lying on the bathroom floor, and her clothes had been removed. She "used the bathroom[,]" and felt "[b]urning[ ]" "[i]n her vagina." "[T]hat's when [she] knew that something had happened to [her,] outside of just [being hit with the Appellant's] fist." She went to find the Appellant in order to retrieve her clothing, phone, and purse so she could leave. The Appellant refused to turn over her belongings and began choking M. K., almost causing her to lose consciousness again. The Appellant put a knife to M. K.'s throat and threatened to kill her. M. K. was eventually able to convince the Appellant to let her go.

Once at home, M. K. called the police and then went to the hospital. M. K. had nasal and orbital fractures, as well as bruising and hemorrhaging that were consistent

_____

[2] See *Lewis v. State*, 306 Ga. 455, 458 (1) (831 SE2d 771) (2019).

2

with strangulation. A Sexual Assault Nurse Examiner ("SANE") nurse performed a sexual assault kit, but DNA results taken from vaginal swabs were "inconclusive."

The jury found the Appellant guilty of rape, aggravated assault by strangulation, and aggravated battery, but found him not guilty of charges of aggravated assault involving a knife and false imprisonment. After a hearing, the trial court denied the Appellant's motion for a new trial. This appeal followed.

> When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

Further, "[w]e review the trial court's ruling on the admissibility of evidence for a clear abuse of discretion."[4] "In reviewing a challenge to the trial court's jury instruction, [the appellate court] view[s] the charge as a whole to determine whether

---

[3] *Pye v. State*, 322 Ga. App. 125, 126 (1) (742 SE2d 770) (2013) (punctuation and footnote omitted).

[4] *Bryant v. State*, 346 Ga. App. 176, 178 (3) (815 SE2d 596) (2018) (citation and punctuation omitted).

the jury was fully and fairly instructed on the law of the case."[5] With these guiding principles in mind, we turn now to the Appellant's claims of error.

1. The Appellant argues that the evidence was insufficient to support his conviction for rape because there was no evidence to establish "carnal knowledge[,]" which OCGA § 16-6-1 (a) defines as "any penetration of the female sex organ by the male sex organ."

The arresting officer testified at trial that, during a custodial interview, the Appellant stated that he and M. K. had a "fight[,]" in which M. K. had pushed and hit him and he had pushed and hit her back. Afterward, according to the Appellant, the two "had sex and the sex was consensual." The Appellant testified similarly in his own defense that he and M. K. had "consensual sex" after their "scuffle," and that they talked for a while after the "sexual encounter[.]"

The Appellant argues that his admission of "sex," "consensual sex," and a "sexual encounter" did not describe a particular sexual act, and that these broad terms, in the absence of any medical or scientific evidence to demonstrate penetration, were insufficient to support the conviction for rape.

---

[5] *Pippen v. State*, 299 Ga. 710, 712 (2) (791 SE2d 795) (2016) (citation and punctuation omitted).

However, "[t]he necessary penetration need be only slight and may be proved by indirect or circumstantial evidence."[6] M. K.'s testimony about the burning in her vagina, coupled with the testimony of the SANE nurse that the underwear M. K. had been wearing were torn in the crotch, were sufficient for a rational trier of fact to find the Appellant guilty of rape beyond a reasonable doubt.[7]

2. The Appellant contends that the trial court erred in excluding testimony regarding prior sexual activity between the Appellant and M. K. because such evidence supported an inference that he could have reasonably believed she consented.

Former OCGA § 24-4-412 (b), the version of the Rape Shield Statute applicable at the time of trial,[8] provided in relevant part:

---

[6] *Wightman v. State*, 289 Ga. App. 225, 227 (1) (656 SE2d 563) (2008) (citation and punctuation omitted).

[7] See *Summerour v. State*, 242 Ga. App. 599, 603 (4) (530 SE2d 494) (2000).

[8] Effective April 18, 2019, OCGA § 24-4-412 (b) now provides in relevant part: "In any prosecution for rape[,] the court may admit[:] (2) Evidence of specific instances of a victim's or complaining witness's sexual behavior with respect to the defendant if it supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution[.]"

In any prosecution for rape[,] evidence relating to the past sexual behavior of the complaining witness may be introduced if the court . . . finds that the past sexual behavior directly involved the participation of the accused and finds that the evidence expected to be introduced supports an inference that the accused could have *reasonably believed* that the complaining witness consented to the conduct complained of in the prosecution.[9]

In light of evidence that M. K. was highly intoxicated[10] and the serious injuries the Appellant had inflicted on her prior to their "sexual encounter," the trial court did not clearly abuse its discretion in concluding that the evidence did not support an inference that the Appellant could have reasonably believed that M. K. consented.[11]

3. The Appellant argues that the pattern jury charge adequately instructed the jury on the law on consent and that the trial court erred in additionally instructing the jury on specific scenarios, which suggested lack of consent and improperly directed

---

[9] Ga. L. 2011, p. 99, § 2 (emphasis supplied).

[10] Sometime after M. K. arrived at the Appellant's home, he called the police. The responding officer testified that M. K. was "[c]learly[ ]" intoxicated, was "visibly swaying[ ]" while sitting on the Appellant's couch, and had "extremely slurred speech." M. K. needed assistance walking, "supporting herself against the wall or the door frames at times [and did not have] complete control over her actions or body." The officer threatened to arrest M. K. for disorderly conduct, but instead left after the Appellant "changed his mind about having her [M. K.] leave[.]"

[11] See *Bryant*, 346 Ga. App. at 178 (3).

the jury's deliberations. The State responds, inter alia, that the plain-error standard of review applies.[12]

The State filed requests to charge, which included the pattern instruction on "Rape; Incapacity to Consent." The State additionally requested an instruction that: "Sexual intercourse with a woman whose will is temporarily lost from intoxication arising from the use of alcohol or drugs is rape."

During the charge conference, the Appellant objected that the evidence did not support the additional instruction because M. K. thought "she may have been raped after she was knocked unconscious. And that was from blows, physical blows. It wasn't from alcohol." The Appellant further objected that the charge "as it's written" could be misleading and asked the court to allow a continuing objection. The court agreed that there was nothing in the evidence with respect to unconsciousness as a result of drugs, and announced that it would give a modified version of the pattern charge.

Despite the Appellant's earlier request,

the record does not show that the trial court specifically granted [the Appellant] a continuing objection, or that the trial court on its own

---

[12] See *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

initiative clearly designated his objection as continuing. Therefore, the objection, which he asked to be continuing, did not preserve this issue for ordinary appellate review. And because his request for a continuing objection was not granted, [the Appellant] was required to object with specificity after the court charged the jury, pursuant to OCGA § 17-8-58, but he failed to do so.[13]

Because the Appellant enumerated the instruction given as error on appeal, we review it for plain error.[14]

Here, the trial court instructed the jury as follows:

If you believe beyond a reasonable doubt that the defendant did have sexual intercourse with the alleged victim, then you must further decide the issue of consent. If you find that the alleged victim was not mentally capable of exercising judgment or of expressing intelligent consent or objection to the act of intercourse, then you would be authorized to find the defendant guilty of rape.

*Sexual intercourse with a woman whose will is temporarily lost from intoxication or unconscious arising from use of such or other causes or even sleep is not consensual.*

---

[13] *Beasley v. State*, 305 Ga. 231, 235-236 (3) (824 SE2d 311) (2019).

[14] See id. at 236 (3).

If the State fails to prove any of these elements beyond a reasonable doubt, then you must acquit *the defendant*.[15]

Because the non-pattern (italicized) language was a correct statement of the law[16] and was authorized by the evidence,[17] there is no "obvious error."[18] Moreover, considering the jury charge as a whole,[19] the instruction did not "likely affect the outcome of the proceedings."[20] Although the Appellant complains that the instruction suggested lack of consent, the court twice instructed the jury not to consider any ruling or comment made by the court as an indication of the court's opinion of the evidence or the Appellant's guilt or innocence. The court also instructed the jury on the State's burden of proof. As the reviewing court, "we presume that the jury

---

[15] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007), § 2.30.15 (emphasis supplied to non-pattern language).

[16] See *Paul v. State*, 144 Ga. App. 106 (2) (240 SE2d 600) (1977).

[17] See n. 10, supra.

[18] See *Beasley*, 305 Ga. at 236 (3) ("To meet the plain error test, four prongs must be satisfied: (1) there was no affirmative waiver of the issue; (2) the error was obvious; (3) the instruction likely affected the outcome of the proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.").

[19] See *Pippen*, 299 Ga. at 712 (2).

[20] See *Beasley*, 305 Ga. at 236 (3).

9

followed the trial court's instructions in arriving at its verdict."[21] Accordingly, the trial court did not plainly err in instructing the jury.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur.*

---

[21] *Winters v. State*, 303 Ga. 127, 134 (III) (810 SE2d 496) (2018).