# Court of Appeals
# of the State of Georgia

ATLANTA,  March 10, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1049.  TRENT PYE v. JACKSON HARRIS.

A jury found Trent Pye guilty of rape and other crimes; this Court affirmed the convictions and the denial of his motion for new trial. See *Pye v. State*, 322 Ga. App. 125 (742 SE2d 770) (2013). On September 30, 2020, acting pro se, Pye filed in the Superior Court of Cherokee County a Petition for Writ of Mandamus against the trial judge and a request to proceed in forma pauperis. In an order entered on October 14, 2020, the trial court denied the filing of the pleading "based on the [c]ourt's determination that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the [c]ourt could grant any relief against any party named in the pleading." See OCGA § 9-15-2 (d). Pye filed a notice of appeal on November 17, 2020.[1] We lack jurisdiction for two reasons.

First, while judgments and orders granting or refusing to grant mandamus are generally directly appealable, see OCGA § 5-6-34 (a) (7), under the Prison Litigation Reform Act, any appeal in a civil case initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Pye is incarcerated, he was required to file an application for discretionary appeal to seek review of the trial court's order. "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v.*

---

[1] Pye filed the notice of appeal in the Supreme Court of Georgia, but that Court transferred the case to this Court, finding that it lacked subject matter jurisdiction over the appeal. See Case No. S21A0539 (decided Jan. 11, 2021).

*Dept. of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Pye's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal.

Second, even if Pye had a right of direct appeal, this appeal is untimely. A notice of appeal must be filed within 30 days after the entry of the trial court's order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997); see *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Pye filed his notice of appeal 34 days after the trial court entered the order he wishes to appeal.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__03/10/2021_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*